Circuit Court for Multnomah County, November Term, 1871.

## MARY CLINE *v.* JACOB CLINE.

PRACTICE.—MOTION TO STRIKE OUT.—When a pleading is filed in good faith' the question, whether it contains facts constituting a cause of suit, should be tried on demurrer and not on a motion to strike out.

PLEADING.—MATERIAL AVERMENTS.—The law intends that the pleader should state only material facts. Whether an allegation is material may be determined by this question: "If it be denied will the failure to prove it decide the case, in whole or in part?" If it will not, the fact alleged is not material.

THIS cause was submitted on the defendant's motion to strike out parts of the complaint. The facts are stated in the opinion.

---

* *Elliott* v. *Piersol*, 1 Pet. 328; *Brown* v. *Farran*, 3 Ohio, 155; 3 McLean, 230.

*Bronaugh & Catlin* and *R. E. Bybee*, for the plaintiff.

*Mitchell & Dolph*, for the defendant.

UPTON, J.   The defendant moves to strike out several designated parts of the complaint, and as to each part, puts the motion on the ground that the part is irrelevant, immaterial, sham, and the statement of evidence. The motion, as a whole, embraces every part of the complaint, and much of the argument has been addressed to the question whether the complaint states facts sufficient to constitute a cause of action.

I do not deem that question properly raised by this motion. If a complaint is filed in good faith and presents issuable facts, and the defendant desires to raise the question whether the facts stated constitute a cause of action, he should present that question by demurrer, that when the decision is made, a judgment may be rendered, unless leave is obtained to amend or plead over. I shall, therefore, not undertake to pass upon that question on this motion.

The principal questions raised by this motion is whether certain parts of the complaint contain statements of fact as contradistinguished from evidence, and whether certain allegations are redundant.

The complaint sets out the substance of a decree of divorce, obtained by the plaintiff against the defendant in the circuit court of this state in 1862; and says it was therein decreed, "That all the estate, right, title and interest of the said Jacob Cline in said lots 3, 4, 5 and 6, in block 111 in the city of Portland, be, and the same is, divested out of the said Jacob Cline, defendant, and the same is hereby vested in the four minor children of the parties," that is, four minor children of this plaintiff and this defendant, fruit of the marriage dissolved by said decree. The complaint further states that this plaintiff was by said decree made guardian of said four minor children and decreed the possession of the said lots. And that while the plaintiff was so in possession of said lots a street tax of $551.75 was assessed upon, and become a lien on said lots, and this plaintiff to

save and protect said lots from sale on said lien, paid the said street tax. The complaint charges that afterwards this defendant sold his interest in said lots to one Fitch, who commenced an action of ejectment in the United States circuit court for the district of Oregon, against said minor children, in which action it was adjudged that said minors were entitled to said lots only during their minority. And said Fitch, as grantee of this defendant, recovered a judgment therein, to the effect that he was owner of said lots in fee, as against three of the said children of these parties, (the said three children having reached their majority,) and as against the fourth, he was adjudged to be entitled to the reversion, and to be entitled to have exclusive possession, at the said minor's majority. This complaint shows also that in the divorce suit $1,500 was decreed as alimony to this plaintiff; and that the said tax was so paid by this plaintiff out of the money so decreed to her as alimony, and while said lots were so in her possession as guardian; that said payment was in order to release said lots from the lien of said street tax, and to prevent them from being sold therefor, and that the payment was made for the benefit of said children, they then being minors.

The first question discussed, is, whether setting forth the decree of the state court and the judgment of the United States court, is a concise statement of facts that constitute a cause of suit. If the plaintiff is suing to recover a title which is predecated upon a judgment in her favor, and the judgment is binding on the defendant as a party, or because of privity, the rendition of the judgment is a material fact. But if the rights and liabilities of the parties arise from other sources, and are not based upon or determined by the judgment, the rendition or existence of the judgment is not one of the facts constituting the cause of suit. One of these adjudications purports to vest the fee of this property in the minor children of these parties, and the other adjudges it to be in a third party, who may be treated as a stranger so far as this proceeding is concerned. And I think it may be assumed that these allegations of the complaint are designed either to show the present condition of the title, or to show

that the plaintiff does not know which of the two adjudications correctly represent its condition; or the plaintiff must design to show that by the first decision she was led into an error, and that she had good reason to believe, and did believe, at the time she advanced the money, that the title stood as set forth in the decree of the state court. But the complaint fails to aver what is the present state of the title, or that she does not know its condition, or that she has been misled or deceived in regard to it.

The defendant claims that one or more of the propositions just mentioned as omitted from the complaint, should be averred; and that propositions of that character are the facts essential to be plead, and the only ones he is bound to traverse or to admit. In other words, that such are the facts which the code requires should be concisely stated in a pleading.

The plaintiff claims that a narration of the circumstances under which the plaintiff proceeded is essential to a proper understanding of the case.

In determining whether any part of this motion should be granted—and if any part how much—it is necessary to construe the provision of the code which requires "a plain and concise statement of the facts;" or if that language is deemed so clear as not to be of doubtful import, to examine the complaint to see whether it is a concise statement of the facts constituting a cause of action or suit. The law intends that the pleader shall state only material facts.

The distinction between facts, upon which a judgment may be predicated, and evidence, by which the material facts may be established, is so clearly drawn in the text books and in reported cases, that it does not seem necessary to repeat a statement of the grounds upon which that distinction rests. If it were not for the importance of maintaining system and uniformity in our modes of practice, it might not repay the labor either of the court or of counsel to examine and consider such questions as are raised by this motion.

Yet these questions are found to be of practical importance in many ways. If one is permitted to set out his evi-

dence, under a system of practice that does not contemplate that course, he obtains an unfair advantage over his adversary by compelling him to admit or to deny every assertion that the pleader chooses to make. If for want of time to attend to details and minor points of pleading and practice, or for any other reason, the practice is permitted, and one party to an action or suit, pursues that course, the tendency is to induce, if it does not compel, the other party to resort to a similar mode; and if the practice is sustained, instead of a concise statement of facts, pleadings may become a loose discursive and indefinite mass of evidence, inferences and argument, making the records of the court very uninviting sources of information, and rendering the trial of a cause laborious, and its results extremely uncertain. From these considerations, it becomes a duty of the court to give to this class of motions, whatever attention is necessary to prevent the evil above suggested.

I know of no more lucid exposition of the distinction between pleading the facts that constitute the cause of action or of suit, and presenting a statement of the evidence upon which the party relies, than that set forth in a manual written by one of the commissioners engaged in framing the New York code. It is substantially republished in the case of *Green* v. *Palmer*, 15 Cal. 411. It is there said, " The following question will determine in every case, whether an allegation is material. 'If it be denied, will the failure to prove it, decide the case in whole or in part?' If it will not, then the fact alleged is not material; it is not one of those which constitute the cause of action, defense, or reply."

If we apply this test to what is said of the decree of the state court, and of the judgment of the United States circuit court, touching the title to the lots of land, we shall ascertain whether those allegations are facts constituting the cause of suit.

If the defendant should deny that any judgment was rendered in the United States circuit court, and on the trial the plaintiff should totally fail to prove the judgment; but if it should be shown that the title to the property is in fact

as the plaintiff says it was there adjudged to be; it is obvious that the plaintiff's case would suffer nothing by her failure to prove the rendition of that judgment.

It is in this respect, parallel to a case, where it should be plead that the defendant *admitted* that he made a particular contract. If the execution of the contract is proved, it becomes immaterial whether the defendant admitted the execution or not.

In this case it is immaterial, that is, it is not an essential ultimate fact in the case, whether the United States circuit court rendered that judgment or not. The material question in that particular, is whether Mr. Fitch owns the land, or the certain estate in it, and not whether it has been so adjudged.

If the plaintiff believes her wards to have been owners of the lots, as was declared in the decree of divorce, and deems that a material fact, the complaint should state that her wards were owners in fee; but if her wards were only entitled to the possession during their minority, and the quantity and duration of their interest is material, the duration of their estate should be set out, and not a judgment which has been rendered on that subject between other parties.

It was said in argument, that it is better to set out in narrative form, what has transpired between the parties, that the whole matter may be before the court.

The proposition amounts to this: that in a case of this kind, it is not sufficient to state the facts that constitute the cause of suit, but the plaintiff should be permitted to set out the circumstances, with such detail and particularity, that it shall become evident that the allegations of fact contained in the complaint are true, and that it may be obvious from the pleadings, what fortuitous circumstances caused the material facts to be as they are. Whatever may be the conveniences of such a system, I am confident the inconveniences would greatly preponderate. And it is certain it will require legislation to make it admissible.

If the plaintiff has been misled about the title, and bases her claim in whole or in part, on that ground, she should not leave it to be inferred from the evidence which she sets

out that she has been misled; she should omit the evidence and state the facts, that show that the defendant ought to refund the money.

I am unable to see how it is material, out of what fund of hers the plaintiff advanced the money.

As to those parts of the complaint which recites what was adjudged in regard to the title; and as to the allegation in regard to the alimony decreed, the motion should be granted.