## CITY OF BUTTE, APPELLANT, *v.* PEASLEY, RESPOND-
ENT.

[Submitted May 19, 1896.  Decided May 25, 1896.]

PLEADING—*Scandalous matter—Prosecution under city ordinance.*—A complaint for vagrancy under a city ordinance should not be dismissed because the charging part of the complaint concludes with scandalous matter, but such matter should be stricken out where the complaint, independently of the objectionable matter, sufficiently sets forth the offense.

*Appeal from Second Judicial District, Silver Bow County.*

PROSECUTION for vagrancy under a city ordinance. Defendant's demurrer was sustained by SPEER, J.  Reversed.

*L. J. Hamilton* and *John W. Cotter*, for Appellant.

HUNT, J.  The defendant was adjudged guilty of vagrancy, in violation of section 1 of ordinance 55 of the city of Butte.  The complaint originally made in the police court of the city of Butte was signed by Charles Swanson, a policeman.  It charged the defendant with a violation of section 1 of ordinance 55 of said city, entitled "An ordinance relating to vagrants, opium smoking and obstructing sidewalks," and contained the following averment:  "That upon information and belief, at and in said city, the said defendant, then being, did then and there violate said section of said ordinance, by willfully and unlawfully being an idle and dissolute male person who loiters in and about saloons, gambling houses, and houses of prostitution, and in being a first class pimp."  The defendant appealed to the district court from the judgment in the police court.  In the district court the defendant demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action.  The court sustained the demurrer and dismissed the case for the reason that the complaint contained scandalous matter.  The defendant was discharged.  The city of Butte appealed.

We are constrained to reverse the ruling of the court. The complaint stated an offense, by charging the defendant with having unlawfully been an idle and dissolute male person, loitering about saloons, gambling houses, and houses of prostitution. The court seems to have taken this view of the main allegations of the complaint, as the dismissal was put upon the express ground that the complaint contained scandalous matter. Plainly, the matter considered scandalous were the words concluding the charging part of the complaint, viz: "and being a first-class pimp." These words constituted an allegation of matter unbecoming the dignity of the court to hear. It would therefore have been eminently proper for the court, of its own motion, to strike them out, and to severely rebuke the complainant or attorney who had used them, and the magistrate of the city who had permitted them to be used. But the action should not have been dismissed because a portion of the complaint was irrelevant or scandalous. Section 101 of the Code of Civil Procedure of 1887 provides that irrelevant matter inserted in a pleading may be stricken out upon such terms as the court may, in its discretion, impose. This section—indeed, the inherent power of a court—is sufficient to enable it to strike out of any pleading scandalous language not material to the matter in dispute. The following authorities are in point: Baylies, Code Pl. p. 365; *McVey* v. *Cantrell*, 8 Hun. 522; 1 Daniell, Ch. Pl. & Prac. *p. 351.

The word "pimp" in the complaint, is by itself not necessarily so objectionable. Webster defines "pimp" as one who provides gratification for the lust of others; a procurer; a pander. It is likewise defined in substantially the same language in the Century dictionary. It is particularly offensive, however, in this complaint, by the language connected with its use. Scurrility and slang have no proper place in a pleading. Naturally, the word, by its significance, is used as a term of opprobrium, bearing cruelly upon the moral character of a person so charged. But the court ought to have stricken out the objectionable language, instead of dismissing the action; for,

independently of the objectionable words, the defendant was sufficiently charged with vagrancy.

The order sustaining the demurrer and dismissing the action is reversed.

*Reversed.*

PEMBERTON, C. J., concurs.    DE WITT, J., not sitting.