Argued by appellant and submitted on briefs by respondents February 26, affirmed March 25, 1924.

## JAMES B. HUBBARD AND CLAUDIA HUBBARD *v.* OLSEN-ROE TRANSFER CO.

### (224 Pac. 636.)

**Pleading—Motion to Strike Proper Method of Objection.**

1. The proper method of objecting to irrelevant and redundant allegations is by motion to strike out the unnecessary matter as provided by Section 86, Or. L., and not by a demurrer.

**Pleading—Matter in Answer not Essential to Defense Properly Stricken.**

2. In view of Section 73, Or. L., a paragraph of an answer which does not allege any fact essential to defendant's cause should be stricken out upon motion as redundant and irrelevant.

**Pleading—Warehouseman's Allegations of Freezing of Water-pipe as an Act of God "New Matter" Within Code, to be Pleaded by Stating Necessary Facts Constituting Defense.**

3. In an action based on Sections 8010, 8028, Or. L., against a warehouseman for negligently permitting water to damage household goods stored, an allegation in the answer relating to the freezing of pipes as an "act of God" was "new matter" within Section 73, subdivision 2, being matter extrinsic to matter set up in the complaint, and, if defendant intended to rely thereon, it was essential to plead it by stating the necessary facts to constitute a defense.

**Pleading—Matter Specially Pleaded Should be Stricken, if Admissible Under General Denial.**

4. Matter specially pleaded, if admissible under the general denial provided for by Section 73, Or. L., should be stricken out as redundant under Section 86.

**Pleading—Sufficiency Tested by Demurrer.**

5. The sufficiency of a pleading is to be tested by demurrer.

**Pleading—Denials and New Matter Distinguished.**

6. Answers consisting of denials provided for by Section 73, subdivision 1, Or. L., serve the purpose only of raising a direct issue upon the averments of the complaint, and an answer containing new matter as provided in paragraph 2 consists of a statement of facts different from those averred in the complaint, and not embraced within the judicial inquiry into their truth.

**Pleading—Mode of Pleading New Matter Stated.**

7. The defense of new matter under Section 73, subdivision 2, Or. L., should be averred with the same degree of care as that which is exercised in alleging in the complaint the facts which constitute the cause of action.

**Pleading—Allegations of Source of Injury to Goods Stored Held Properly Stricken from Answer.**

8. In an action for damages to plaintiff's household goods, based upon defendant's liability under Sections 8010, 8028, Or. L., as a warehouseman, evidence of the true source of injury to the goods was admissible under defendant's general denial, and therefore allegations concerning the matter were properly stricken from the answer.

**Pleading—Warehouseman's Allegations of Negligence of Owner of Building Held Properly Stricken from Answer.**

9. In an action against a warehouseman for negligently permitting water to damage plaintiff's household goods, defendant's allegations of ownership of the building by defendant's lessors and the negligence of the owners in caring for a stand-pipe which froze, *held* irrelevant and properly stricken from the answer.

**Pleading—Irrelevant Matter Defined.**

10. Irrelevant matter in a pleading does not affect the subject-matter of a controversy so as to assist the trial of a cause.

**Pleading—Allegations Concerning Construction of Warehouse Held Properly Stricken from Answer.**

11. In an action against a warehouseman for negligently permitting water to damage household goods stored, where the answer denied the allegations as to negligence, defendant had the right, under the pleadings, to introduce testimony relating to the location and construction of the warehouse for the purpose of meeting the issue with reference to the care given to the property stored, and therefore allegations concerning such matters were properly stricken from the answer.

**Negligence—"Act of God" Defined.**

12. An "act of God" excusing failure to perform a duty excludes all circumstances produced by human agency.

**Warehousemen—"Act of God" No Excuse if Negligence Contributed to Damage.**

13. A warehouseman cannot be excused from liability for damages to goods caused by water from a frozen pipe by pleading an "act of God," if his own negligence contributed as a proximate cause to the damage, as loss by an "act of God" may be said to include all losses resulting immediately from natural causes without the intervention of man, and which cannot be foreseen and prevented by reasonable care.

**Warehousemen—Warehouseman Held Negligent in Exposing Goods to Freezing Hazard.**

14. Defendant warehouseman, in storing plaintiff's household goods in a building containing an improperly constructed standpipe, so that they were damaged by water because of a freeze, *held* negligent in exposing the goods to such hazards, and a plea of "act of God" constituted no defense.

**Pleading—Allegations of New Matter Held Properly Stricken as Susceptible of Proof Under General Denial.**

15. In an action against a warehouseman for negligently permitting water to damage household goods, paragraphs of the answer alleging that, after the bursting of a stand-pipe, defendant did everything possible to care for and protect the goods and did care for and protect them as a reasonably careful owner would, *held* properly stricken as irrelevant, because the matter was susceptible of proof under the general denial.

**Pleading—Striking Out Reiterated Allegations of Irrelevant Matter Proper.**

16. Striking out reiterated allegations of irrelevant matters already stricken from the answer *held* proper.

**Pleading—Allegations as to Cause of Damage to Stored Goods Held Properly Stricken as Matter Admissible Under General Denial.**

17. In an action against a warehouseman for negligence, causing damage to household goods stored, new matter in defendant's answer alleging that the goods were damaged while in plaintiff's possession or while transported to another state, *held* properly stricken as redundant and irrelevant; evidence of the matter being admissible under the general denial.

**Warehousemen—Demurrer to Paragraph of Answer Held Properly Sustained.**

18. In an action against a warehouseman for negligently permitting water to damage plaintiff's household goods, *held*, that the court properly sustained a demurrer to a paragraph of the answer which alleged that the damage was due to an act of God and to the negligence of the owners of the warehouse, in that they maintained a stand-pipe in the building without a stopcock, and that they negligently violated an ordinance regulating waterworks.

Appeal and Error—Presumed All Competent Evidence Offered in Support of Denial was Received.

19. It will be presumed upon appeal, in the absence of any showing on the record as to the nature of excluded evidence offered in support of affirmative defenses stricken from the answer, that all competent evidence offered by defendant in support of its denial was received into the record.

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.

This is an action for the recovery of damages alleged to have been sustained by plaintiffs through the negligence of the defendant.

Olsen-Roe Transfer Company, defendant herein, is a corporation engaged in the business of conducting a warehouse. The plaintiffs instituted action against defendant in the Circuit Court of the State of Oregon for Multnomah County, alleging, among other things, that the defendant was conducting a warehouse in the City of Portland. They aver their delivery, to defendant, of certain goods, wares and merchandise, which the defendant received, and which, in consideration of its certain lawful storage charges in money paid to it by the plaintiffs, defendant promised to keep safely and store with all the care and attention which a reasonably careful owner would exercise with respect to similar property; that during the period of time when the personal property so delivered to defendant was in its custody and control, it so negligently stored the property that by and through its carelessness and negligence much of plaintiffs' household goods was rendered totally unfit for use. They assert that the defendant negligently permitted water to damage the personal property stored with it and allowed such property to remain in that condition, and carelessly and negligently failed to remove it to

a suitable place of safety, or to unpack it, or to notify plaintiffs, or either of them, of the damage.

Defendant, answering, admits that it is operating a warehouse in the City of Portland, Oregon, but—

"denies each and every allegation, matter and thing contained in paragraph 2 of plaintiffs' complaint, and the whole thereof, except that defendant received certain old, second-hand household goods for crating, packing and hauling.

"Defendant denies each and every allegation, matter and thing contained in paragraphs 3 and 4 of plaintiffs' complaint, and the whole thereof."

For a first further and separate answer and defense, the defendant averred that its business was carried on in a building owned by W. P. and Mary A. Crawford; that the building was provided with a four-inch fire stand-pipe without any drain-cock by which the stand-pipe might be emptied, and that the stand-pipe was under the control of the Crawfords. Paragraphs 3 and 4 of this answer are not involved. In paragraph 5, defendant alleges that the damage, if any, was caused by reason of an "act of God," and was due to plaintiffs' own carelessness in leaving their household goods in the defendant's leased warehouse.

For a second further and separate answer and defense, the defendant averred that if plaintiffs' goods were damaged, the damage was caused by their negligence while the goods were being shipped from Portland, Oregon, to California. It is further asserted in that pleading that the goods, when received by the plaintiffs, were in as good condition as when they came into the defendant's possession.

The third further and separate answer and defense makes paragraphs 1, 2, 3, 4, 5 and 6 of its first separate answer a part thereof, and avers that the

damage, if any, was due, not to the negligence of the defendant, but to an "act of God" and to the carelessness and negligence of the Crawfords, the owners of the building. It also sets forth an ordinance of the city of Portland, which it claims was violated by the owners of the building.

Upon motion of plaintiffs, certain paragraphs were stricken from the defendant's first further and separate answer. Likewise, paragraph 1 of its third separate answer was stricken, and subsequently demurrers were sustained to the second and third separate answers. Defendant was given a number of days within which to serve and file its amended answer, but refused.

On trial by jury a verdict was rendered in favor of plaintiffs and against the defendant, in the sum of $421.95, together with their costs and disbursements.

The defendant appeals to this court and assigns error relating to the matter of the ruling of the court on the pleadings;—

"in overruling the motion of defendant for a new trial and in entering an order denying same, for the reason that defendant, during the trial of this case, was not allowed to mention or to introduce evidence to sustain the facts set forth in defendant's affirmative defenses * * ."

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Richards & Richards,* with an oral argument by *Mr. Oren R. Richards.*

For respondents there was a brief over the names of *Messrs. Wilson & Guthrie, Mr. Robert R. Rankin, Mr. Cicero F. Hogan* and *Mr. Harry O. Strom.*

BROWN, J.—The complaint in this case is based upon defendant's liability as a warehouseman, for hire, of plaintiffs' household goods.

The "Uniform Warehouse Receipts Act" provides, among other things:

"A warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care." Or. L., § 8028.

Again:

"A warehouseman may insert in a receipt, issued by him, any other terms and conditions; provided, that such terms and conditions shall not:

"(a) Be contrary to the provisions of this act.

"(b) In anywise impair his obligation to exercise that degree of care in the safekeeping of the goods intrusted to him which a reasonably careful man would exercise in regard to similar goods of his own." Or. L., § 8010.

In *Hansen-Rynning, Admr.,* v. *Oregon-Washington R. & N. Co.,* 105 Or. 67, 80 (209 Pac. 462, 466), this court, speaking by Mr. Justice RAND, said:

"Under the provisions of this statute, if the care which the warehouseman has exercised in regard to the goods was such as a reasonably careful owner of similar goods would exercise, the warehouseman was not liable for any loss or injury to the goods; but if he failed to exercise such care, then the warehouseman was liable for any damages resulting from his failure in that regard. * * 'The warehouseman is liable for defects in his warehouse, unless such defects are unknown to him and could not have been discovered by him by the use of ordinary care.' Note d, 136 Am. St. Rep. 219."

The only questions involved herein arise from the court's order relating to the pleadings.

"The complaint shall contain— * *

"2. A plain and concise statement of the facts constituting the cause of action, without unnecessary repetition." Or. L., § 67.

"The answer of the defendant shall contain—

"1. A general or specific denial of each material allegation of the complaint controverted by the defendant * * .

"2. A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition." Or. L., § 73.

Our statement shows that the defendant's answer contained three "further and separate answers and defenses."

1. It is provided by our Code, and established by the decisions of our court, that the proper and only method of objecting to and correcting irrelevant and redundant allegations in a pleading is by motion to strike out the unnecessary matter: Or. L., § 86, because—

"A demurrer is not a pruning hook, and cannot be used to trim out immaterial and irrelevant matter. This must be done by motion." *In re Estate of McMurray,* 107 Iowa, 648 (78 N. W. 691).

2. To the same effect, see *City of Butte* v. *Peasley,* 18 Mont. 303 (45 Pac. 210).

"In a legal action all matter stated in addition to the allegations of issuable facts, * * is unnecessary, and therefore immaterial and redundant." Pomeroy's Code Remedies (4 ed.), § 445.

A paragraph of an answer which does not allege any fact essential to the defendant's cause should be stricken out upon motion: *Pitkin* v. *New York & New England R. R. Co.,* 64 Conn. 482 (30 Atl. 772).

The court's order sustaining the motion to strike out redundant and irrelevant matter contained in the defendant's answer does not constitute reversible error.

3. The allegation relating to the freezing of the pipes as an "act of God" was new matter, and if the defendant intended to rely thereon it was essential to plead it by stating the necessary facts to constitute a defense under that plea: *Pengra* v. *Wheeler,* 24 Or. 532 (34 Pac. 354, 21 L. R. A. 726).

"New matter," as used in paragraph 2, Section 73, Or. L., means matter extrinsic to the matter set up in the complaint as the basis to the cause of action: 1 Ency. Plead. & Prac., p. 830; 31 Cyc. 219; 21 R. C. L. 567.

" 'New matter' is where the contract is admitted, and the matter set up avoids the contract,—not where the matter set up denies the contract." 1 Ency. Plead. & Prac., p. 830, note 3, with authorities.

4. Matter specially pleaded, if admissible under the general denial, should be stricken out as redundant: *Bolton* v. *Missouri Pac. Ry. Co.,* 172 Mo. 92 (72 S. W. 530).

5. The sufficiency of a pleading is to be tested by demurrer: *Cline* v. *Cline,* 3 Or. 355, 356; *Staten Island etc. Ry. Co.* v. *Hinchliffe,* 170 N. Y. 473 (63 N. E. 545); *The Victorian,* 24 Or. 121, 137 (32 Pac. 1040, 41 Am. St. Rep. 838); *Brownell* v. *Salem Flouring Mills Co.,* 48 Or. 525 (87 Pac. 770); *Harrison* v. *Birrell,* 58 Or. 410 (115 Pac. 141).

6. From the provisions of Section 73, Or. L., answers are separated into two classes: denials and new matter. Answers consisting of denials serve the purpose only of raising a direct issue upon the averments of the complaint; and an answer containing a statement of new matter, as provided in

paragraph 2 of this section of our Code, consists of a statement of facts different from those averred by the plaintiff and not embraced within the judicial inquiry into their truth: Pomeroy's Code Remedies, § 484.

7. The defense of new matter should be averred with the same degree of care as that which is exercised in alleging in the complaint the facts which constitute the cause of action.

"It is elementary that a defense of new matter should be pleaded; and, as new matter must of necessity be a distinct defense from a denial, it follows that it cannot properly be associated or mingled up with denials general or specific in one paragraph or plea. For the same reason, each defense of new matter must necessarily be complete and single, as much so as each cause of action, and should be separately stated in a plea by itself. * *
"The overwhelming weight of judicial opinion has, with almost complete unanimity, agreed upon the principle which distinguishes denials from new matter, and determines the office and function of each. The general denial puts in issue all the material averments of the complaint or petition, and permits the defendant to prove any and all facts which tend to negative those averments or some one or more of them." Pomeroy's Code Remedies, §§ 566, 567.

Again:

"The well-established rule is that the general denial puts in issue every fact included within the allegations of the petition which the plaintiff is bound to prove in order to recover, and so, any fact which goes to destroy, not to avoid, the plaintiff's cause of action, is provable under the general denial." 21 R. C. L. 566.

8. Under the issues made by the pleadings, evidence of the true source of injury to plaintiffs' house-

hold goods was admissible under the defendant's denial: 2 Abbott's Trial Evidence (3 ed.), p. 1556. Much of the matter pleaded as an affirmative defense was admissible under defendant's general denial.

A text-writer has said:

"By far the most important topic in defendant's pleadings is that of answer by general denial. * *

"1st. In so far as a defense is merely designed to compel proof by plaintiff, and consists of evidence directly contradicting his allegations, there is no difficulty in determining that a general denial is proper.

"2d. If the defense consists of affirmative matter, the contrary to which plaintiff is not, in the first instance, bound to prove, but which, proceeding on the ground that plaintiff's allegations may be true, avoids and discharges his case, it is new matter to be specially pleaded. But if, instead of avoiding his proof, it is directly contradictory to and inconsistent with those particular facts which he must prove to make out a case, such affirmative matter is admissible under a mere negation of the petition, because it and the plaintiff's proof cannot both be true." 1 Bates, Pleading, Practice, etc., pp. 354, 355.

An eminent author has written:

"The Supreme Court of New York, in an early case, described the office of the general denial in the following brief but very accurate manner: 'Under a denial of the allegations of the complaint, the defendant may introduce any evidence which goes to controvert the facts which the plaintiff is bound to establish in order to sustain his action.'" Pomeroy's Code Remedies, § 536.

And again:

"The office of the general denial, like that of the old traverses, is twofold: it forces the plaintiff to prove all the material allegations of fact contained in his complaint or petition, and constituting his

cause of action, by sufficient evidence, at least, to make out a *prima facie* case; it also permits the defendant to offer any and all legal evidence which controverts those averments and contradicts the plaintiff's proofs. * *

"It follows that this evidence may be sometimes negative and sometimes affirmative. * * In other words, in order that evidence may be proved under a denial, it need not be in its own nature negative: affirmative evidence may often be used to contradict an allegation of the complaint, and may therefore be proved to maintain the negative issue raised by the defendant's denials." Pomeroy's Code Remedies, §§ 542, 547.

This important subject is also discussed in Bliss Code Pl., §§ 323–330, 352–363.

9. We have seen that plaintiffs averred in their complaint that the defendant corporation was engaged in the business of operating a warehouse, that plaintiffs' household goods were received by the defendant, and that for a valuable consideration paid to it by plaintiffs the defendant promised and agreed to care for, safely keep and store the goods.

The defendant leased a building for warehouse purposes. Under the issues made by the pleadings in this case, the ownership of that building by the Crawfords, and their negligence in caring for the stand-pipe was irrelevant, and the motion to strike was properly sustained.

10. Irrelevant matter does not affect the subject matter of the controversy so as to assist the trial of a cause: *Krewson* v. *Purdom,* 11 Or. 266 (3 Pac. 822).

11. The defendant denied all the allegations of the complaint, and it had the lawful right, under the pleadings, to introduce testimony relating to the location and construction of the warehouse, for

the purpose of meeting the issue made with reference to the care given to the personal property there stored.

12, 13. We are told, in paragraph 2, of the imperfect construction of the stand-pipe by the owners of the building, and, paragraph 5, that it burst because of freezing, from which we must conclude that human agency was coupled with the action of the averred cold wave mentioned in the answer, in causing the water to freeze and burst the pipe.

It is well settled that "acts of God" exclude all circumstances produced by human agency: 1 C. J. 1173–1176.

The defendant attempts to plead in justification and excuse of its nonperformance of its duty, under the contract between the parties, that the injury to plaintiffs' goods was caused by an "act of God." The defendant cannot excuse itself from liability by pleading an "act of God," if its own negligence contributed, as a proximate cause, to the injury complained of in plaintiffs' complaint: 1 Ency. L. & P., p. 1100. However, it is a rule of general application that failure to perform a duty may be excused by an "act of God." What may be comprehended within the term, "act of God," when used as justification, perhaps is not susceptible of exact definition. For a leading case containing many definitions, see *Central of Georgia Ry. Co. v. Hall,* 124 Ga. 322, 324 (52 S. E. 679, 683, 684, 110 Am. St. Rep. 170, 4 Ann. Cas. 128, 4 L. R. A. (N. S.) 898).

"Cold weather in the month of December is not an 'act of God' which will excuse a livestock carrier from performance of its contract." But "a storm which could not have been guarded against by any care reasonably to be expected is an 'act of God.' " 1 Words & Phrases, Second Series, p. 72.

In the case of *Southern Ry. Co. of Kentucky* v. *Smith*, 125 Ky. 656 (102 S. W. 232), the court, quoting and adopting the definition in 5 Thomp. Neg., Section 6456, says:

"Loss by the 'act of God' may be said to include all losses resulting immediately from natural causes, without the intervention of man, and which cannot be foreseen and prevented by the exercise of prudence, diligence, and care, and the use of those appliances which the situation of the party renders it reasonable that he should employ."

See also 1 Words & Phrases, Second Series, p. 71.

And, "If a resulting injury is, in part, produced by the wrongful or negligent act of any person, such person will be held liable therefor: *Amend* v. *Lincoln & N. W. R. Co.*, 91 Neb. 1 (135 N. W. 235, 236)." 1 Words & Phrases, Second Series, p. 70.

14. The warehouseman took possession of the household goods. He stored them in the building, which he says contained an improperly constructed stand-pipe. The defendant negligently exposed the goods to the hazards of a freeze.

15. The part of paragraph 6 of defendant's answer reading:

"The said defendant, after the bursting of the said stand-pipe, did everything possible to care for and protect plaintiffs' household goods, and did care for and protect plaintiff's said household goods as a reasonably careful owner would,"

should have been stricken out as irrelevant, when pleaded as new matter, because it was susceptible of proof under defendant's general denial to plaintiffs' averments.

16. Of course there was no error in striking out the reiterated allegations in the third separate answer, of matters already stricken from the first

separate answer and defense. They were irrelevant in the first separate answer and were stricken therefrom for that reason.

17. We have shown in our statement that defendant denied the plaintiff's averment that the goods were damaged while in defendant's possession.

The second separate answer alleges that plaintiffs' household goods were damaged by the carelessness and negligence of the plaintiffs themselves, in the shipment thereof from Portland, Oregon, to California.

If plaintiffs' goods were damaged while in their own possession in Oregon and California, or in the transportation thereof from the State of Oregon to California, defendant had a right to adduce evidence to that effect under its denial. It is not necessary for the defendant to plead as new matter that which is admissible under the general issue.

The defendant's third further and separate answer is, in part, a repetition of matter previously averred. It alleges:

"That the defendant employed all due care and diligence in the handling and care of plaintiffs' household goods, and if plaintiffs' * * goods were damaged * * , the said alleged damage was in no way due to the negligence or carelessness of the defendant, but to an act of God and to the carelessness and negligence of the owners of said building, W. P. and Mary A. Crawford, in that the owners of said building maintained the said stand-pipe in said building without any stopcock or drain-cock or other contrivance to shut off the water."

18. It is further averred in the same paragraph that the owners of the warehouse where plaintiffs' goods were stored "carelessly and negligently violated Ordinance No. 26569, entitled, 'An Ordinance Pre-

scribing Rules and Regulations for the Management
of the Water Works of the City of Portland, Ore-
gon.'" The ordinance is set out in the paragraph.

The court properly sustained a demurrer to this
paragraph of defendant's third further and separate
answer and defense.

19. Defendant asserts that it was injured by rea-
son of the court's sustaining an objection to testi-
mony offered in support of its affirmative defenses
that had been stricken. The record does not inform
us as to the nature of the proffered evidence. It
will be presumed, upon appeal, in the absence of any
showing as to the character of the proposed evidence,
that all competent evidence offered upon the part
of the defendant in support of its denial was received
into the record; and, as we have heretofore indicated,
much of the matter pleaded as an affirmative defense
was admissible under defendant's general denials.

The affirmative defenses were properly stricken.
The record contains no prejudicial error.

This case is affirmed.                  AFFIRMED.

McBRIDE, C. J., and BEAN and McCOURT, JJ., con-
cur.