Argued January 16, affirmed in part;
reversed in part May 14, 1979

# MARQUAM INVESTMENT CORPORATION, *Respondent,*

*v.*

# BREWER, *Appellant.*
## (No. 163-041, CA No. 11733)
594 P2d 1327

Greg Bennett, Portland, argued the cause and filed the brief for appellant.

James T. Marquoit, Portland, argued the cause for repondent. On the brief was Warde H. Erwin, and Erwin, Lamb & Erwin, P.C., Portland.

Before Schwab, Chief Judge, and Thornton, Lee, and Gillette, Judges.

LEE, J.

**LEE, J.**

In this forcible entry and detainer (FED) action, the district court awarded the plaintiff landlord possession of the leased premises and, pursuant to ORS 91.755,[1] awarded the plaintiff $3,000 attorney fees. Defendant appeals, contending *inter alia* that the trial court erred in awarding attorney fees and in denying defendant's motion to transfer the cause to the circuit court. We agree with both contentions.

■ At the outset, plaintiff argues that defendant cannot maintain this appeal because she has abandoned the premises, there is no issue between the parties as to possession, the subject matter of the underlying action is therefore moot and defendant therefore cannot appeal from the award of attorney fees. Plaintiff's argument is contrary to the holding in *Pacific N.W. Dev. Corp. v. Holloway,* 274 Or 367, 546 P2d 1063 (1976).

■ Defendant argues that, because plaintiff did not allege in its complaint that it was entitled to recover attorney fees, the award of such fees to plaintiff was impermissible. In *Pritchett v. Fry,* 286 Or 189, 593 P2d 1133 (1979), the Supreme Court held that attorney fees under ORS 91.755 cannot be recovered unless they are pleaded and proved by the prevailing party. We therefore reverse the trial court's award of attorney fees to plaintiff.[2]

---

[1] ORS 91.755 provides:

"In any action on a rental agreement or arising under ORS 91.700 to 91.895, reasonable attorney fees may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

[2] The statutory form for FED complaints in cases to which ORS 91.700 to 91.895 apply is set forth in ORS 105.125(2)(c), and does not provide for an allegation of entitlement to attorney fees. Moreover, ORS 105.125(2)(c) provides that:

"No attorney at law or person other than the plaintiff or his agent may file a complaint."

Consequently, in those cases where attorneys appear on behalf of plaintiffs after a complaint is filed and where attorney fees are sought, the rule of *Pritchett v. Fry, supra,* would necessitate a supplemental pleading by the plaintiff to allege entitlement to such fees.

[177]

Defendant also argues that the trial court erred in denying her motion to transfer the cause to circuit court after she filed counterclaims seeking damages which exceeded the jurisdictional limit of the district court. After defendant's motion was denied, she withdrew the counterclaims in the district court proceeding and then sued for and recovered damages in a separate circuit court action for the injuries she had first alleged in the district court counterclaims. Defendant, therefore, did not preserve in the trial court the error she seeks to raise here. We will nevertheless consider defendant's argument in the interest of resolving recurrent jurisdictional problems which have arisen in cases where counterclaims are filed by defendants in FED actions.

■ ORS 46.060(1)(e)[3] gives the district court exclusive jurisdiction over FED actions. ORS 46.070 provides, in pertinent part:

> "In all actions instituted in a district court a defendant shall have the right to plead a counterclaim in excess of the jurisdiction of the court. If a defendant has pleaded a counterclaim in excess of the jurisdiction of the district court, the court shall strike the counterclaim and proceed to try the cause as though it had never been filed, unless the defendant files with his counterclaim a motion requesting the cause to be transferred to the circuit court * * *."

We interpret the transfer provision of ORS 46.070 as applying to all cases filed in the district court where there are counterclaims for damages which *exceed* the jurisdiction of that court, including cases—like this one—where the subject matter of the plaintiff's action would otherwise be within the exclusive jurisdiction of the district court. *Cf. Mack Trucks, Inc. v. Taylor,* 227 Or 376, 386-87, 362 P2d 364 (1961). The trial court

---

[3] ORS 46.060(1)(e) provides:

"(1) Except as provided in subsection (2) of this section, the district courts shall have exclusive jurisdiction in the following cases:

"* * * * *

"(e) To hear and determine actions of forcible entry and detainer."

therefore erred in denying the defendant's motion to transfer the cause to circuit court.

The defendant's remaining assignments of error and arguments either do not warrant discussion, or, in light of the foregoing, do not require discussion.

We reverse the award of attorney fees and affirm the remainder of the judgment.

Affirmed in part; reversed in part.