On appellant's petition for reconsideration filed November 7, former opinion filed October 8, 1979 (42 Or App 587, 601 P2d 487) reconsideration allowed, former opinion withdrawn, reversed January 28, reconsideration denied March 13, petition for review denied April 1, 1980 (289 Or 1)

# BROOD,
*Appellant,*
*v.*
# DAVIS,
Respondent.

## (No. TC 77-2486-E-1, CA 10201)

605 P2d 749

Dwayne Brood, Medford, in propria persona for petition.

GILLETTE, J.

**GILLETTE, J.**

This case is before us on petitioner's petition for reconsideration. We reverse our former opinion.

The facts of the case are set forth in our previous opinion and will not be restated here, save to note that petitioner, who was the defendant in a district court case, had pleaded a counterclaim in excess of the district court's jurisdiction and had moved to transfer the case to circuit court pursuant to ORS 46.070. The district court struck the counterclaim and refused to transfer the case. On writ of review, the circuit court affirmed. We also affirmed, reasoning that under the facts alleged, no counterclaim could be stated. *Brood v. Davis,* 42 Or App 587, 601 P2d 487, 491 (1979).

Upon reconsideration, we conclude that, whether or not it might be desirable to permit a district court to analyze the sufficiency of a counterclaim before it goes to the trouble of transferring a cause to circuit court, the statutes do not allow it to do so. ORS 46.075(1) provides in pertinent part,

> "(1) The district court *shall order the transfer to the circuit court of every cause authorized by this chapter to be so transferred.*\* \* \* Thereupon the district court shall proceed no further with the cause. The case shall be considered transferred to the circuit court which shall then have jurisdiction to try and determine the cause." (Emphasis added).

A "cause authorized by this chapter to be so transferred" is one in which a defendant has pleaded a counterclaim in excess of the jurisdictional amount, has moved that the cause be transferred to circuit court and has tendered the transfer fee. ORS 46.070.

The statutes do not authorize or permit scrutiny of the counterclaim for sufficiency by the district court. They require transfer. *See Marquam Investment v. Brewer,* 40 Or App 175, 594 P2d 1327 (1979).

The petition for reconsideration is granted and our former opinion is reversed.