Argued and submitted December 19, 1979, judgment vacated;
remanded with instructions March 24, reconsideration as to
attorney fees denied July 2, petition for review as to
attorney fees allowed September 16, 1980
See later issue Oregon Reports

# FLYING TIGER LINE, INC.,
*Respondent,*

*v.*

# PORTLAND TRADING COMPANY,
*Defendant-Third
Party Plaintiff-Respondent,*

*v.*

# WESTERN GARMENT ASSOCIATES, INC., et al,
*Third Party Defendants
Cross Complainants-Appellants.*
## (No. A7808-11307, CA 13127)

608 P2d 577

S. Ward Greene, Portland, argued the cause for appellants. With him on the appellants' brief was Otting & Enz, P.C., Portland. With him on the appellants' reply brief was McMenamin, Joseph, Herrell & Babener, Portland.

James M. Westwood, Portland, argued the cause for respondent Portland Trading Company, an Oregon corporation. With him on the brief were Richard A. Cantlin, Jr., and Miller, Anderson, Nash, Yerke & Wiener, Portland.

F. Gordon Allen, Portland, argued the cause for respondent The Flying Tiger Line, Inc., a Delaware corporation. With him on the brief was Bolliger, Hampton & Tarlow, P.C., Portland.

Before Schwab, Chief Judge, and Thornton, Tanzer and Campbell, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This case began as an action for money due on an open account. Third party defendant appeals, its dispositive assignment of error being that the circuit court lacked subject matter jurisdiction.

From May to August, 1977, The Flying Tiger Line, Inc., (plaintiff) transported merchandise for "Protege", a division of Portland Trading Company (defendant). In October, 1977, defendant sold its "Protege" division to Western Garment Asssociates, Inc., the third party defendant, which assumed liability for any amounts due to plaintiff. However, plaintiff did not release defendant from primary liability.

In July, 1978, plaintiff sued defendant in circuit court, alleging that approximately $2,700 in principal and accrued interest was due on the May through August, 1977, "Protege" account. On its own motion, the circuit court ordered the case dismissed and transferred to district court, which has exclusive jurisdiction of claims for money not exceeding $3,000. ORS 46.060. For reasons not apparent in the record, the parties continued to prosecute the action in the circuit court.

Defendant answered and served a third party complaint, seeking indemnification and $1,000 as attorneys' fees from third party defendant. Plaintiff and defendant moved for summary judgment on their respective complaints. After the hearing on the motions for summary judgment, but prior to rulings on the motions, third party defendant answered defendant's complaint and counterclaimed[1] against plaintiff, seeking damages of $44,500 for fraud and breach of contract. Third party's counterclaims arose out of a transaction unrelated to the "Protege" account sued upon by

---

[1] The claim was denominated a crossclaim by third party defendant but is properly termed a counterclaim, and will be referred to as such in this opinion. ORS 16.305; 16.315 (4)(a). ORS 16.315 has since been repealed and replaced by ORCP 22. 1979 Or Laws ch 284, § 199.

plaintiff. Thereafter, summary judgment was granted for plaintiff against defendant, and for defendant against third party defendant. After entry of judgment, the circuit court entered an order setting aside its earlier dismissal and transfer order.[2]

## Subject Matter Jurisdiction

District courts possess exclusive jurisdiction over civil actions for the recovery of money or damages where the amount claimed does not exceed $3,000. ORS 46.060. However, if a counterclaim exceeding the district court's jurisdiction is filed, the district court must, on motion, transfer the case to the circuit court, which thereafter has jurisdiction over the entire action. *Brood v. Davis*, 44 Or App 261, 605 P2d 749, *rev den* 288 Or 1 (1980); *Marquam Investment v. Brewer*, 40 Or App 175, 594 P2d 1327 (1979); ORS 46.070, 46.075.

Plaintiff's complaint alleged damages, including accrued interest, in the amount of $2,700, placing the claim within the exclusive jurisdiction of the district court. Although defendant's third party complaint and third party defendant's counterclaims allege amounts in excess of the district court's jurisdiction, we conclude, for the reasons discussed below, that neither defendant's nor third party defendant's claims are adequate to support circuit court jurisdiction.

Defendant's complaint sought indemnification from third party defendant and requested judgment "in such sum as may be awarded against * * * [defendant] in the underlying action, plus reasonable expenses, including attorney's fees, in the sum of $1,000 * * *." Assuming without deciding that the phrase "such sum as may be awarded * * * in the underlying action" can be read for jurisdictional purposes as a claim for $2,700, we must determine whether the additional claim of $1,000 for attorneys' fees is includable in determining which court has jurisdiction.

[2] Because we reverse based on lack of subject matter jurisdiction in the circuit court, we do not reach the question of whether the circuit court had the power to set aside its earlier dismissal and transfer order.

There is no common law right to recover attorneys' fees. Except where attorneys' fees are statutorily allowed as costs, the substantive basis of a party's right to recover such fees must be particularly pleaded and proved. *Pritchett v. Fry*, 286 Or 189, 593 P2d 1133 (1979); *Draper v. Mullennex et al*, 225 or 267, 271, 357 P2d 519 (1960).

The Supreme Court has indicated that attorneys' fees which are recoverable as part of a party's substantive claim, as opposed to being recoverable as costs, are included when determining jurisdictional amount. *Draper v. Mullennex et al, supra*, 225 Or at 270. *See* Annotation, 77 ALR 991, 1011-15 (1932).[3] However, allegations which are not well pleaded are surplusage and are subject to a motion to strike. Such allegations raise no issue and therefore must be disregarded when determining jurisdictional amounts, even though no motion to strike has been made.[4] *Draper v. Mullennex et al, supra,* at 270- 71.

Defendant's complaint alleged as follows:

"Third-party defendants have not paid the obligations; therefore, third-party defendants should be required to pay * * * [defendant's] expenses and attorneys' fees for defending this action."

This allegation is vulnerable to a motion to strike because it contains no substantive foundation for defendant's claim.[5] Disregarding this allegation, defendant's complaint at best demands $2,700, which places it within the exclusive jurisdiction of the district court.

---

[3] This rule creates a potential for sham pleading to defeat district court jurisdiction. We need not here decide whether this potential for abuse is strictly a problem for the legislature, or whether the court may resolve it if abuses occur.

[4] We note, however, that although the circuit court must, when determining jurisdiction, disregard allegations which are not well pleaded, the district court may not analyze the sufficiency of a claim which exceeds $3,000. *Brood v. Davis, supra.*

[5] A motion to strike this allegation was filed by third party defendant, but was not ruled on by the court.

Third party defendant's counterclaim against plaintiff seeks damages of $30,000 for fraud and $14,500 for breach of contract. Under ORS 16.315(4)(a), a third party defendant may "assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff."

Plaintiff's claim arises out of an open acount for shipping services rendered to the "Protege" division of defendant company from May until August 25, 1977. Third party defendant did not purchase "Protege" until October 5, 1977. Third party defendant's claims against plaintiff arise out of its agreement with plaintiff entered into in about May, 1977, for shipment of goods from Korea to third party in Portland, Oregon, receipt to be on or before August 15, 1977. Thus, third party's claims against plaintiff do not "arise out of the same transaction or occurrence" as plaintiff's claim against defendant, so they may not be asserted in this litigation and are vulnerable to a motion to strike. These claims must be disregarded when determining jurisdictional amount. *Draper v. Mullennex et al, supra.*

All claims properly pleaded in this action were within the exclusive jurisdiction of the district court.

Judgment vacated, cause remanded to the circuit court with instructions to transfer to district court.[6]

---

[6] ORS 46.063(2) provides:

"No case filed in any trial court shall be dismissed solely for having been filed in the wrong court, but shall be considered timely filed in the court determined by the Court of Appeals to have jurisdiction."

Thus, a case filed in a trial court which does not have jurisdiction over the amount claimed is not void *ab initio.*