On defendants' motion for a summary decision as to jursdiction filed April 21, remanded July 28, 1980

LFC, INC., et al,
*Plaintiffs,*

*v.*

BURTCHAELL, et al,
*Defendants.*

*v.*

SELLWOOD DEVELOPMENT COMPANY,
*Third Party Defendant.*

(No. 197360, M 29)

614 P2d 1201

On defendants' motion for a summary decision as to jurisdiction filed April 21, 1980.

William Dickas, Portland, appeared for defendants.

[471]

Frank V. Langfitt III, appeared for plaintiffs.

Before Richardson, Presiding Judge, and Joseph and Gillette, Judges.

GILLETTE, J.

## GILLETTE, P. J.

This is a jurisdictional inquiry submitted by the Multnomah County District Court pursuant to ORS 46.063.[1]

■ This case began as a forcible entry and detainer (FED) action brought by plaintiff to gain possession from defendant Burtchaell and others of 11 houseboat moorage sites on land owned by the State of Oregon and located near the Sellwood Bridge on the Willamette River in Portland.[2] Defendant Burtchaell filed an answer, counterclaims and a third-party complaint seeking damages in excess of the jurisdiction of the district court. The matter was transferred to circuit court in reliance on ORS 46.070; the circuit court struck the counterclaims and returned the matter to district court. This review was then requested to determine whether jurisdiction should rest with the district court or the circuit court.

ORS 46.070 provides that cases may be transferred from district court to circuit court if the amount of the counterclaim exceeds the district court's jurisdiction.[3] We applied ORS 46.070 in *Brood v. Davis,* 44

[1] ORS 46.063(1) provides:

"(1) In any case where there is a dispute as to whether jurisdiction is in district court or some other court, the court before which the matter is pending shall refer the question to the Court of Appeals which shall decide the question of jurisdiction in a summary manner. The decision of the Court of Appeals on a question of jurisdiction shall be final."

[2] Because this is not an action to recover possession for nonpayment of rent, ORS 91.810 does not apply. ORS 91.810 provides:

"(1) In an action for possession based upon nonpayment of the rent or in an action for rent when the tenant is in possession, the tenant may counterclaim for any amount, not in excess of the jurisdictional limits of the court in which the action is brought, that he may recover under the rental agreement or [the Residential Landlord Tenant Act]."

For a discussion of the impact of ORS 91.810 on ORS 46.070, *see Ingersoll v. Mattson,* 47 Or App 463, 614 P2d 1197 (1980).

[3] ORS 46.070 provides:

"In all actions instituted in a district court a defendant shall have the right to plead a counterclaim in excess of the jurisdiction of the

Or App 261, 605 P2d 749 (1980), an action for replevin. In that case, the district court's jurisdiction was based upon ORS 46.060(1)(b).[4] We there stated that ORS 46.070 requires that a case be transferred to circuit court if the cause "* * * is one in which a defendant has pleaded a counterclaim in excess of the jurisdictional amount, has moved that the cause be transferred to circuit court and has tendered the transfer fee." 44 Or App at 263.

In the present case the district court's jurisdiction is based upon ORS 46.060(1)(e),[5] rather than ORS 46.060(1)(b). For the purpose of determining the applicability of ORS 46.070 and *Brood v. Davis,* we perceive no significance in the distinction between the two subsections. ORS 46.070 applies to FED cases such as this one which are not brought under ORS

court. If a defendant has pleaded a counterclaim in excess of the jurisdiction of the district court, the court shall strike the counterclaim and proceed to try the cause as though it had never been filed, unless the defendant files with his counterclaim a motion requesting the cause to be transferred to the circuit court accompanied by the tender of the costs of such transfer. In any action instituted in a district court wherein the amount claimed by the plaintiff is not in excess of its jurisdiction and the amount claimed by the defendant by way of counterclaim is not in excess of its jurisdiction, the district court shall have jurisdiction of such cause notwithstanding the combined amounts of such claim and counterclaim exceed the sum of $3,000."

[4] ORS 46.060(1)(b) provides:

"(1) Except as provided in subsection (2) of this section, the district courts shall have exclusive jurisdiction in the following cases:

"* * * * *

"(b) For the recovery of specific personal property when the value of the property claimed and the damages for the detention do not exceed $3,000."

[5] ORS 46.060(1)(e) provides:

"(1) Except as provided in subsection (2) of this section, the district courts shall have exclusive jurisdiction in the following cases:

"* * * * *

"(e) To hear and determine actions of forcible entry and detainer."

91.810(1).[6] Jurisdiction in this case rests with the circuit court upon compliance with the statutory formula for transfer as interpreted in *Brood v. Davis.*

Remanded for proceedings consistent with this opinion.

---

[6] *See* fn 2, *supra.*