3

Argued and submitted December 12, 1980, reversed and remanded with
instructions March 2, respondents' reconsideration denied April 16,
appellants' reconsideration denied April 23, respondents' and
appellants' petitions for review allowed May 27, 1981

CLASS et al,
*Respondents,*
*v.*
CARTER et al,
*Appellants,*

(No. 200 126, CA 18302)

624 P2d 626

Frank V. Langfitt III, Portland, argued the cause for respondents. With him on the brief was Lindsay, Hart Neil & Weigler, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

This case began as an FED action in district court. Plaintiff Zusman's predecessors in interest owned land abutting the Columbia Slough and a submerged lands lease in the slough from the state. They leased the premises to defendant Carter, who installed floating moorage facilities and leased spaces to the other defendants and the plaintiffs Class. Zusman purchased the land and took an assignment of the state lease and leased the entire property to the Classes. The sellers, the Classes and Zusman gave Carter the notice to vacate required under his original lease.[1] The FED action followed.

Some of the defendants filed counterclaims, Carter's alone being in excess of the district court's $3,000 statutory limitation. ORS 46.060. Pursuant to ORS 46.070, defendants moved to transfer the cause to circuit court, and it was transferred.[2]

On plaintiffs' motion the circuit court struck the counterclaim and ordered that the cause be returned to district court and that the defendants not be allowed to plead counterclaims in excess of the district court's jurisdictional limit. The basis for the motion was that the Carter counterclaim was not permissible under the Residential Landlord and Tenant Act. ORS 91.700 *et seq; see Ingersoll v. Mattson,* 47 Or App 463, 614 P2d 1197 (1980). The circuit court order, however, was made "[w]ithout making a determination as to whether or not the Residential Landlord Tenant Law *[sic]* applies in this matter, * * *."

The district court again exercised jurisdiction over objections, and after further proceedings it entered an order and judgment awarding restitution of the premises and dismissing defendants' affirmative defenses and counterclaims. All of the defendants except Perry and Dixon appealed to this court.

When the case came on for argument in this court, plaintiffs filed a stipulated order for dismissal of the

---

[1] *See* n 5 infra.

[2] Plaintiffs dispute whether the requirement of the tender of transfer costs was properly made, but that issue is not before us.

appeals of defendants Halbrook, Bridwell and Jorgensen and a motion to dismiss the appeals of defendants Carter and Hollriegal on the ground that their appeals had become moot by reason of their no longer being in possession. The facts asserted in the affidavit supporting the motion have not been denied. Carter had moved his houseboat and his boat from the moorage and sold the floating facilities to one Roe, who in turn sold them to the Classes. Hollriegal was evicted by the sheriff under a writ of restitution.

Under *Pacific N.W. Dev. Corp. v. Holloway,* 274 Or 367, 370, 546 P2d 1063 (1976), "the basic controversy between the parties [Classes and Zusman as plaintiffs and Carter as defendant] — possession — was moot." Defendant Hollriegal's rights as a subtenant of Carter could be no greater than Carter's (in the absence of some reservation of right by Carter which could have protected Hollriegal), and his appeal is also moot. We will therefore not discuss any of the arguments relating to the plaintiffs' right to possession.

However, mootness of the FED issues does not dispose of the whole case. Under ORS 46.075(1), once a transfer to the circuit court has been accomplished, "* * * thereupon the district court shall proceed no further with the cause. The case shall be considered transferred to the circuit court which shall then have jurisdiction to try and determine the cause." There is no statutory provision for remanding such a case to district court.[3] Essentially, the defendants' argument is that the circuit court's order was a void order, a nullity, because it was made without any authority in statute or case law.[4] Had the circuit court decided the motion to strike on the basis that the FED

---

[3] Nor are we aware of any power in the circuit court to order the district court not to entertain or the parties not to plead a counterclaim in excess of the district court jurisdictional amount.

[4] ORS 1.160 (the "all writs clause") provides:

"When jurisdiction is, by the Constitution or by statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by the procedural statutes, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the procedural statutes."

There is nothing in this provision which may be utilized to avoid or destroy jurisdiction.

action was under the Residential Landlord and Tenant Act, then the motion would have been controlled by our decision in *Ingersoll v. Mattson, supra.*

The only issue before us is whether the district court recovered jurisdiction by the order the circuit court entered. We hold that it did not, for the reason that once the circuit court had jurisdiction it was required to proceed with the cause, subject only to the limitation in ORS 91.810(1) as interpreted and applied in *Ingersoll v. Mattson, supra.*[5]

Reversed and remanded with instructions to vacate the order and judgment of restitution entered on June 16, 1980, to reinstate the counterclaims of Carter and Hollriegal and to transfer the cause to circuit court for further proceedings.

---

[5] The FED action here was not based upon nonpayment of rent but upon the provision of the lease providing for termination upon sale of the premises by Zusman's grantors.