Argued and submitted January 30, reversed and
remanded with instructions March 16, 1981

## BERGSTROM,
*Respondent,*

*v.*

## BUCHHOLZ INDUSTRIES, INC.,
*Appellant.*

### (No. 202826, CA 18168)

624 P2d 1111

Howard R. Hedrick, Portland, argued the cause for appellant. With him on the briefs was Dana R. Taylor, Portland.

Charles H. Combs, Oregon City, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

This is a forcible entry and detainer action (FED), based upon defendant's alleged nonpayment of rent for commercial premises. In its second amended answer, filed on the day scheduled for trial, defendant denied nonpayment of rent, alleged affirmative defenses and also alleged a counterclaim for breach of the lease agreement, seeking damages in excess of the $3,000 jurisdictional limitation of the district court. ORS 46.060. Contemporaneously with the filing of its second amended answer and counterclaim, defendant filed a motion to transfer the case to circuit court and tendered the costs for the transfer pursuant to ORS 46.070.

Prior to the commencement of the trial, the following colloquy occurred between the court and defendant's counsel.

"[Court]: The next issue, which we discussed in chambers I should state, is whether or not Mr. Hedrick can move this case successfully to circuit court, as in fact the counterclaim is in excess of the jurisdictional limit of this court. * * *

"It is my opinion that you—Mr. Hedrick, I'll give you a choice. If you wish to proceed in this court, for the purpose of judicial economy, I'll allow you to do so, but I'll only allow the jurisdictional—is to claim the counterclaim up to the jurisdictional limit of $3,000.00. If you want to claim beyond the jurisdictional limit of $3,000.00, I'll have to hear the FED today as a summary proceeding in this court, and you may file a second lawsuit in the circuit court.

"[Mr. Hedrick]: "* * * I don't think the court's got any jurisdiction to—

"[Court]: I have no power to—it's unconstitutional for me—

"[Mr. Hedrick]: Nor do I think that this court has the power to strike the counterclaim under the statute dealing with counterclaims that exceed the jurisdiction of the court. I think the statute makes it clear that only where there is not a motion filed, which we have done in this case, to transfer it to circuit court shall the district court strike the counterclaim. The converse is true, if it is filed I think that it takes it out of the jurisdiction of the district court.

"* * * * *

"[Court]: * * * I would retain jurisdiction of the FED, by virtue—I don't—and I guess by retaining jurisdiction, inferentially I am not allowing the case to be transferred to circuit court.

Following this colloquy, defendant's counsel reduced the counterclaim to the jurisdictional limit of the district court and the trial proceeded. After a hearing, the court awarded plaintiff possession of the premises and awarded defendant partial relief on its counterclaim.

Defendant first contends that after it filed its counterclaim in an amount in excess of the district court's jurisdiction and filed its motion to transfer the cause to circuit court, the district court lacked jurisdiction to rule on the merits of the case. Because we agree and the case must be remanded, it is unnecessary for us to discuss the defendant's other claims of error.

ORS 46.060 provides:

"(1)   Except as provided in subsection (2) of this section, the district court shall have exclusive jurisdiction in the following cases:

"* * * * *

"(e)   To hear and determine actions of forcible entry and detainer.

"* * * * *"

Where, however, a counterclaim is made, ORS 46.070 provides:

"In all actions instituted in a district court a defendant shall have the right to plead a counterclaim in excess of the jurisdiction of the court. If a defendant has pleaded a counterclaim in excess of the jurisdiction of the district court, the court shall strike the counterclaim and proceed to try the cause as though it had never been filed, unless the defendant files with his counterclaim a motion requesting the cause to be transferred to the circuit court accompanied by the tender of the costs of such transfer. * * *"

ORS 46.075(1) provides:

"(1) The district court shall order the transfer to the circuit court of every cause authorized by this chapter to be so transferred. * * * Thereupon the district court shall proceed no further with the cause. The case shall be considered transferred to the circuit court which shall then have jurisdiction to try and determine the cause."

■ Where, as here, commercial property is involved and it is not claimed that the Residential Landlord and Tenant Act, ORS 91.700 to 91.895, has any application, the limitation of the amount of a counterclaim to the jurisdictional limit of the district court specified in ORS 91.810(1) is not applicable. *LFC, Inc. v. Burtchaell,* 47 Or App 471, 474-75, 614 P2d 1201 (1980); *see also* analysis of the apparent conflict between ORS 46.070 and ORS 91.810 in *Ingersoll v. Mattson,* 47 Or App 463, 614 P2d 1197 (1980).

■■ In an FED involving commercial property, when a counterclaim in excess of the district court's jurisdiction is filed with a motion to transfer the cause accompanied by the applicable fee, the district court may neither strike the counterclaim in whole or in part nor refuse to transfer the matter to the circuit court. *Brood v. Davis,* 44 Or App 261, 263, 605 P2d 749 (1980). Upon defendant's compliance with the transfer provisions of ORS 46.070, the district court's function becomes a purely ministerial one of effecting the transfer to circuit court as required by ORS 46.075. Thereafter, the district court may "proceed no further with the cause." It follows that the rulings of the district court made after the filing of the motion to transfer, accompanied by the appropriate fees, were a nullity, because the district court lacked jurisdiction on the merits of the case.

■ Plaintiff contends, however, that defendant, by agreeing to reduce its counterclaim to the district court's jurisdictional limit, waived its right to assert the district court lacked jurisdiction. The choice given to defendant either to reduce the counterclaim or to have the counterclaim dismissed was not a choice the district court had the authority to impose on the defendant. Defendant's "agreement" to reduce its prayer on the counterclaim to the jurisdictional limit of the district court *after* that court was ousted of jurisdiction on the merits does not constitute a waiver of defendant's right to contend on appeal that the district court lacked jurisdiction.

In *Class v. Carter,* 51 Or App 3, 624 P2d 626 (1981), we held that once the circuit court acquires jurisdiction in an FED action, pursuant to ORS 46.075(1), the circuit court may not remand to the district court and the district court

does not recover jurisdiction when, by order of the circuit court, a counterclaim in excess of district court jurisdiction is stricken. We now hold that once the district court has lost jurisdiction on the merits by virtue of the filing of a counterclaim in excess of its jurisdiction and the filing of a motion to transfer, it may not refuse to transfer the case to circuit court, *Brood v. Davis, supra,* 44 Or App at 263, nor may it reacquire jurisdiction on the merits by requiring that the counterclaim be reduced or eliminated. In an FED action under ORS 46.060, where a counterclaim is made in excess of the district court's jurisdiction and a motion to transfer is filed under ORS 46.075(1), the district court has authority to transfer the case to circuit court, nothing more.

Reversed and remanded with instructions to vacate the order and judgment of restitution entered on June 3, 1980, and to transfer the cause to circuit court for further proceedings.