Argued and submitted September 5, reversed and
remanded November 26, 1979, reconsideration denied May 9,
petition for review allowed July 17, 1980

# WASHINGTON SQUARE, INC.,
*Respondent,*
*v.*
# FIRST LADY BEAUTY SALONS, INC.,
et al, *Appellants.*

## (No. 42093, CA 13158)

602 P2d 1083

John R. Faust, Jr., Portland, argued the cause for
appellants. With him on the brief was Janice M.
Stewart, Portland.

Charles R. Markley, Portland, argued the cause for
respondent. With him on the brief was Souther,
Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before Joseph, Presiding Judge, and Lee and
Richardson, Judges.

[269]

LEE, J.

## LEE, J.

Plaintiff brought this FED action to recover possession of commercial premises leased for more than one year. Defendants appeal from the trial court's judgment for plaintiff. We reverse and remand.

Defendant's first assignment of error is that the trial court erred in striking their third and fourth affirmative defenses. Defendants' third affirmative defense was that their failure to make timely payments of rent was due to "excusable accident or mistake." The fourth affirmative defense was that plaintiff was estopped to terminate the tenancy. Both defenses were based upon the allegation that, although the lease required payment of rent on the first day of each month without notice or demand, the parties had followed the practice of plaintiff sending defendants monthly invoices for the rent and certain other charges and of defendants making payments after receiving the invoices. Under that practice, the rent was generally not paid by the beginning of the month in which it was due.

Plaintiff agrees that the stricken defenses are of a kind generally cognizable in FED proceedings. *See, e.g., Caine v. Powell*, 185 Or 322, 202 P2d 931 (1949). However, plaintiff argues that defenses based on a landlord's prior history of accepting late rental payments are precluded as a matter of law by ORS 91.090.[1] It is unnecessary to decide whether plaintiff is correct, because plaintiff's right of termination here is governed by relevant provisions of the lease agree-

---

[1] ORS 91.090 provides:

"The failure of a tenant to pay the rent reserved by the terms of his lease for the period of 10 days, unless a different period is stipulated in the lease, after it becomes due and payable, operates to terminate his tenancy. No notice to quit or pay the rent is required to render the holding of such tenant thereafter wrongful; however, if the landlord, after such default in payment of rent, accepts payment thereof, the lease is reinstated for the full period fixed by its terms, subject to termination by subsequent defaults in payment of rent."

[271]

ment rather than by the statute. *Cf. Fry v. D. M. Overmyer Co., Inc.*, 269 Or 281, 306, 525 P2d 140 (1974).

We conclude that the defendants were entitled to attempt to prove their third and fourth affirmative defenses, and the trial court erred in striking them.

Reversed and remanded.