Argued and submitted September 14, 1979,
resubmitted In Banc April 9,
affirmed in part; reversed in part April 14, 1980

# GROVE, et al,
## *Respondents,*

*v.*

# THE HINDQUARTER CORPORTION,
## *Appellant.*

## (No. CV 79-0725, CA 14655)

609 P2d 840

Jennifer J. Johnson, Portland, argued the cause for appellant. With her on the brief were Jeffrey M. Alden and Davies, Biggs, Strayer, Stoel and Boley, Portland.

Carlton D. Warren, Portland, argued the cause and filed the brief for respondent.

BUTTLER, J.

## BUTTLER, J.

Plaintiffs brought this forcible entry and detainer (FED) action to recover possession of commercial property described as The Hindquarter Restaurant in Lake Oswego, Oregon, together with attorney fees, costs and disbursements. The case was tried to a jury, which found for the plaintiffs. Defendant appeals from the judgment entered on the verdict, assigning as error the trial court's order striking from defendant's second amended answer an affirmative equitable defense alleging "unilateral mistake," and the award of attorney fees to plaintiffs. We reverse that part of the judgment awarding attorney fees.

Defendant's first assignment of error is that the trial court erred in granting plaintiffs' motion to strike the affirmative defense, ruling that "it does not contain the allegations setting forth the mistake that would be cognizable by the Court in terms of equitable relief." The parties agreed that plaintiffs' motion to strike was to be treated as a demurrer testing the legal sufficiency of the affirmative defense. It is not a practice to be encouraged,[1] but in view of the fact that the amended answer raising the defense was not delivered to plaintiffs until the day before the trial, and since both parties acquiesced in the practice at trial and on appeal, we will assume the sufficiency of the defense's allegations is properly before us.

---

[1] The admonition of the Supreme Court in *Harris v. Northwest Natural Gas Company*, 284 Or 571, 573 n 1, 588 P2d 18 (1978), is equally applicable here:

"* * * [I]f [plaintiffs] wished [their] attack on [defendant's answer] to be treated as a demurrer, it should have been framed as a demurrer. * * * [T]he grounds for granting a motion to strike should be limited to the statutory grounds given in ORS 16.100(1) and other similar defects in the *manner* of pleading. In *Klerk v. Tektronix, Inc.*, 244 Or 10, 12, 415 P2d 510 (1966), we said:

"'* * * Such a motion [to strike] ordinarily does not test the sufficiency of a pleading; its sufficiency must be tested by demurrer. *Hubbard v. Olsen-Roe Transfer Co.*, 110 Or 618, 224 P 636.'" (The emphasis is the Court's.)

[783]

The allegations of defendant's affirmative defense are that a lease agreement between the parties covering the premises occupied by the restaurant required payment of the "basic rent" by the 10th day of each month, and a quarterly payment of "percentage rent" within 30 days following the end of each calendar quarter. The lease further provided that payment of the basic rent would be late if not made by the 20th of each month. On April 10, 1979, payment of the basic rent for April was due. It was alleged that

> "[t]he manager of the restaurant which occupies the premises is responsible for preparing the basic rental check. April 1979 was his first month as manager. * * * Defendant's manager mistakenly failed to draw a check to pay the basic rent. As a result of the mistake of defendant's manager, defendant, through inadvertence and mistake, failed to secure a certified check and to pay the basic rent."

Defendant further alleged that the nonpayment of the basic rent was discovered by its officers on April 23, 1979, and that when they tendered the payment on April 27, 1979, plaintiffs refused the tender and informed defendant that no further payments would be accepted. Therefore, defendant did not tender payment of the percentage rent which was due on or before May 1, 1979.

Defendant cites several Supreme Court cases for the proposition that excusable mistake may be interposed as an equitable defense to an FED action. In such cases, however, the defendant's mistakes follow from plaintiffs' conduct. *See, e.g., Caine v. Powell,* 185 Or 322, 330, 202 P2d 931 (1949). Assuming for argument that defendant is correct in asserting that mistake in performance is grounds for equitable relief, the "inadvertence and mistake" of defendant's restaurant manager, completely uninfluenced by plaintiffs, is not such a mistake as will justify the intervention of equity in the action. Bearing in mind that the relation between the parties is a business relationship, and that defendant alleges no wrongdoing by plaintiffs,

[784]

the answer to defendant's assignment of error is stated in 1 J. Story, Equity Jurisprudence 149, § 160 (14th ed 1918):

"\* \* \* Where each party is equally innocent, and there is no concealment of facts which the other has a right to know, and no surprise or imposition exists, the mistake or ignorance, whether mutual or unilateral, is treated as laying no foundation for equitable interference. [Footnote omitted.]"

And again, *id* at 150, § 161:

"In cases where the parties deal with each other at arms' length, and there is no mistake caused by the misconduct of the other party, and especially where the parties have had ample time to consider their own business matters of importance, and a mistake is made innocently, this fact, nothing else appearing, is no reason why a Court of Equity should grant relief. \* \* \*"

The gist of defendant's affirmative defense was that its restaurant manager forgot to pay the basic rent. That was not the kind of "mistake" for which equity supplies a remedy, and the trial court did not err in striking the alleged affirmative defense from defendant's amended answer.

Defendant next contends that the trial court's award of attorney fees to plaintiffs must be reversed, on the grounds that the issue of attorney fees was improperly reserved by the court to be determined at a post-trial supplemental hearing rather than presented to the jury and proved as part of the trial. Defendant cites *Pritchett v. Fry*, 286 Or 189, 593 P2d 1133 (1979), an FED action to recover possession of a residential apartment. The Supreme Court held that:

"Generally in those cases in which attorney fees may be recovered, the right to attorney fees must be alleged and proven as part of the trial, and the amount of recovery is a question for the trier of the facts." (Citations omitted.) 286 Or at 191.

Our decision in *Marquam Investment v. Brewer*, 40 Or App 175, 177, 594 P2d 1327, *rev den* (1979), is to the

same effect. But first it must be established, as the court in *Pritchett v. Fry* implies, that this is a case in which attorney fees may be recovered. We conclude this is not such a case.

There is no statutory authority for awarding attorney fees in an FED action to recover possession of commercial property. The rule awarding attorney fees in *Pritchett v. Fry* and *Marquam Investment v. Brewer* is inapposite. Both cases were FED actions to recover possession of residential property, and as such were subject to the provision for attorney fees in the Residential Landlord and Tenant Act, ORS 91.755, which applies in FED actions to recover possession of property subject to that Act. *Executive Mgt. Corp. v. Juckett*, 274 Or 515, 519, 547 P2d 603 (1976). The commercial property involved in the present action is not subject to that Act.

Plaintiffs, however, rely on the contractual provision contained in the lease as authority for the court to award attorney's fees in this proceeding.[2] Assuming that the contractual provision is broad enough to permit the award of attorney's fees here, the more basic question is whether the FED statutes (ORS 105.105 to 105.155), except insofar as they relate to residential property, contemplate litigation of the plaintiff's claim for attorney's fees. An FED is strictly a statutory proceeding and the only question involved where the property involved is commercial is the plaintiff's right to possession of the premises. *See Schroeder v. Woody*, 166 Or 93, 109 P2d 597 (1941).

The statutory proceeding is summary in nature: service of the summons must be made not less than

---

[2] The lease provided:

"In any court proceeding brought by Landlord or Tenant *to enforce rights under this lease*, the prevailing party therein shall be entitled to receive from the other party such sum as the court may adjudge reasonable towards its attorneys' fees including a sum towards attorneys' fees for any appellate proceedings." (Emphasis supplied.)

three nor more than seven days before the day of trial appointed by the court (ORS 105.135(3)) and no continuance may be granted for a longer period than two days unless the defendant applying therefor gives an undertaking for the payment of rent that may accrue if judgment is rendered against defendant. ORS 105.140(1). The statutory form of verdict and judgment if the action is tried by a jury provides that if the jury finds the complaint true, they shall render a general verdict of "guilty"; if not true, of "not guilty." ORS 105.150. The statutory form of execution, ORS 105.155, provides only for restitution of the premises, plus costs.

It is apparent that the statutory procedure is designed to provide a quick determination of one question, and one question only: the right to possession. Although defenses, including equitable defenses, may be interposed, *Fry v. D. H. Overmyer Co., Inc.*, 269 Or 281, 525 P2d 140 (1974), the issues so raised may relate only to the right to possession and the summary nature of the proceeding is not changed. While an action for rent may be joined with an FED, ORS 16.221(2), the action ceases to be a summary proceeding if that is done; the defendant has the same time to appear as he has in any action at law for the recovery of rental due. *Ibid.* The apparent purpose of this provision is to permit the defendant to dispute the claim for money due, even though he may not dispute the plaintiff's right to possession. The same may be said if the complaint seeks attorney's fees in addition to the right to possession; the complaint would then put in issue something other than the right to possession, but there is no statute authorizing it or providing that the action shall proceed as any other action for money, as in the case of rental. Because the rental due, typically, is a liquidated or readily liquidatable amount, there would appear to be more justification for permitting a claim for rent in a summary FED than there is for attorney's fees. The legislature, however, has provided that it

may not be done and we perceive no basis for permitting an unliquidated claim to be joined in a summary proceeding.

Accordingly, the award of attorney's fees was improper in this case, and that part of the judgment is reversed. In all other respects, the judgment is affirmed.

Affirmed in part; reversed in part.

**TANZER, J.,** concurring in part, specially concurring in part.

I concur with the majority's well-written and lucidly reasoned disposition of the affirmative defense.

I differ in approach regarding attorney fees. I understand the law as derived from cases cited by the majority to be that attorney fees are allowable if authorized by statute or contract. I agree with that portion of the majority opinion which clearly explains why fees are not authorized by statute. I cannot join in that portion of the opinion which disposes of plaintiffs' contractual claim for attorney fees. My primary reason, in all candor, is that I cannot follow the explanatory reasoning in the last two long paragraphs. I fear that the lack of clarity might mislead.

My approach to the question of whether the award of attorney fees was authorized by a contract is otherwise. Plaintiffs rely on the following provision in the parties' lease agreement:

> "In any court proceeding brought by landlord or tenant *to enforce rights under this lease,* the prevailing party therein shall be entitled to receive from the other party such sum as the court may adjudge reasonable towards its attorneys' fees including a sum towards attorneys' fees for any appellate proceedings." (Emphasis supplied.)

Plaintiffs did not commence this FED action to enforce any contractual rights in the lease or to enforce any

right in the lease to terminate the tenancy. *Cf. Wash. Sq. v. First Lady Beauty Salons*, 43 Or App 269, 602 P2d 1083 (1979). Rather, plaintiffs were enforcing their right to possession of the premises after the termination of the lease which followed defendant's failure to make a timely payment of the rent. Thus, the provision for attorney fees in the lease agreement does not authorize the award of attorney fees in this action. *Cf. Hughes v. Bembry,* 256 Or at 172, 470 P2d 151 (1970).

It is argued that the recovery of premises by the landlord for nonpayment of rent as required by the lease is an enforcement of rights necessarily implied or foreseen by the lease. Under the narrow view of contract authorization of attorney fees taken by the Supreme Court, I feel constrained to deny them in this case.