**In re HOSPITALITY ASSOCIATES, INC., dba Biederbecks, Debtor.**

**Herbert C. HAZEN and Robert M. Crowe, Plaintiffs,**

v.

**HOSPITALITY ASSOCIATES INC., an Oregon Corporation, and Cordell Berge, Defendants.**

**Bankruptcy No. 680–06979.**
**Adv. No. 680–6229.**

United States Bankruptcy Court,
D. Oregon.

Oct. 1, 1980.

Terence J. Hammons, Eugene, Or., for plaintiff.

Wilson C. Muhlheim, Eugene, Or., for defendant.

## OPINION

C. E. LUCKEY, Bankruptcy Judge.

This action is a forcible entry and detainer action (FED) originally filed August 14, 1980 in Lane County District Court and removed to this Court by complaint and order filed August 22, 1980 pursuant to 28 U.S.C. § 1478 as a result of the filing of a Chapter 11 petition for reorganization filed by the debtor–defendant herein on August 20, 1980. Trial of the matter was on September 16, 1980, both parties offering testimony and submitting trial memoranda.

Plaintiff, as sublessor of the debtor, asserts termination of the sublease for non–payment of rent, wrongful withholding by defendant and right to possession. Defendant tendered a general denial in its answer and sought equitable relief from any forfeiture in its trial brief.

■ Section 365 of the Bankruptcy Reform Act enables the trustee, or here, the debtor–in–possession, to assume or reject executory contracts and unexpired leases. In situations where the debtor was in default under the lease at the time of the filing of the petition § 365(b)(1) enables the debtor–in–possession to cure such default upon compliance with the requirements of that subsection. However, the right to cure is dependent on the existence of a lease at the time the petition was filed, i. e., a lease which had not already expired according to its terms or which had been terminated prebankruptcy. *In re Bronx–Westchester Mack Corp.*, 6 B.C.D. 581 (Bkrtcy.S.D.N.Y. 1980). If the lease terminated prior to the filing of the Chapter 11 petition the curative provisions of § 365 are not applicable or available to the debtor. *Second and E Streets, N. E. Associates v. Aries Enterprises, Limited and Government of the District of Columbia*, 6 B.C.D. 280, 282 (Bkrtcy.D.C. 1980). Accord, *Grand Hudson Corp. v. GSVC*, 6 B.C.D. 295, 296 (S.D.N.Y.1980), where tenant–debtor filed Chapter 11 two hours before scheduled eviction under state court issued warrant of removal. The Court, in holding the debtor had no right to assume, stated: "If the termination of a lease has not been completed, or it can be reversed by application of state procedures (so that the matter is still sub judice), the trustee or debtor–in–possession may still assume such rights and pursue them.". 6 B.C.D. 295 at 296, citing *In re Burke*, 76 F.Supp. 5 (S.D.Cal.1948). 2 Collier on Bankruptcy, at §§ 365.04, 365–28 (15th Ed. 1979), supports this conclusion stating that where the lease "has already been terminated according to its terms under applicable state law that leaves the trustee with nothing to assume or reject. If, however, the termination process has not been completed, or if completed, can be reversed by application of a state antiforfeiture statute or waiver doctrine the trustee may still assume".

■ The issue then becomes whether the lease was terminated prior to the filing of the Chapter 11 petition and whether, if it was, the termination is subject to reversal under applicable state law. In resolving questions of lease vitality Bankruptcy Courts look to state law. *In re Burke*, supra, at page 8. This is consistent with the policy of deference to state law in determination of property rights, absent conflict with the Bankruptcy Statute. *In re Godwin Bevers Co., Inc.*, 575 F.2d 805, 807 (10th Cir., 1978). Thus, the parameters of the equitable relief from forfeiture under a

terminated lease which can be exercised by the Bankruptcy Court are to be found in the Oregon case law. See *Seidle v. Pan Am World Airways, Inc. v. Belize Airways, Limited*, 6 B.C.D. 637 (Bkrtcy.S.D.Fla.1980) where the Bankruptcy Court applied Florida law in granting equitable relief from forfeiture under a sublease which was terminated prior to debtor's filing of a Chapter 11 petition because the landlord accepted rent after the challenged breach.

The inquiry is twofold. Under Oregon law (1) was the lease effectively terminated prior to the filing of the Chapter 11 petition and (2) if so, do circumstances exist in the instant case which would provide a basis for equitable relief from such termination?

◼ The sublease, Exhibit A, which delineates the procedure for terminating the landlord–tenant relationship and contains the terms of rental payment, provides that no notice shall be required for termination (Paragraph VII) upon non–payment of rent reserved and no notice is required for a default upon non–payment of rent reserved within the grace periods provided (Paragraph III).

The provisions that no notice of default is necessary to trigger the provisions in the master lease, Exhibit B, requiring vacation of the premises (Paragraph 21) and the allowance of a ten–day grace period for rental payments are similar to the terms of O.R.S. 91.090 which provides:

> "*Termination of tenancy by failure to pay rent; reinstatement.* The failure of a tenant to pay the rent reserved by the terms of his lease for the period of 10 days, unless a different period is stipulated in the lease, after it becomes due and payable, operates to terminate his tenancy. No notice to quit or pay the rent is required to render the holding of such tenant thereafter wrongful; however, if the landlord, after such default in payment of rent, accepts payment thereof, the lease is reinstated for the full period fixed by its terms, subject to termination by subsequent defaults in payment of rent."

◼ Although the Oregon Supreme Court stated in *Moore et ux. v. Richfield Oil Corp.*, 377 P.2d 32, 34, 233 Or. 39, 43–44 (1962), that O.R.S. 91.090 "is operative only in those cases where the lease itself does not make provision for the manner in which the tenancy is to be terminated", the statement was clarified as an interpretation in light of the facts of the *Moore* case (in which the lease provided for a 30–day grace period after notice of default), by the Oregon Supreme Court in *State Highway Commission v. Demarest*, 503 P.2d 682, 688, 263 Or. 590 (1972). The Court stated that the statute and its 10–day grace period controls "unless a different period is stipulated in the lease". This clarification resurrected the doctrine of *Caine et ux. v. Powell*, 202 P.2d 931, 934, 185 Or. 322, 329 (1949) where the Court stated: "It cannot be said that the express incorporation into the lease of what are substantially the provisions of the statute affected in any way the applicability of the statute". Since the sublease between the parties herein requires no notice of termination, it parallels the statute and provisions of the statute were not waived.

◼ The significance of determining the applicability of O.R.S. 91.090 to the case at bar becomes apparent upon examination of cases applying the statute. Defendant's contention that plaintiffs waived timeliness of the rental payment on the basis of acceptance by plaintiffs of prior rental payments after the 10–day grace period must fail in light of the clear language of O.R.S. 91.090 and the rigid adherence to the statutory scheme in the case law. The defense of waiver by acceptance of late payments is denied where the statute is controlling, *Rainey v. Quigley*, 178 P.2d 148, 180 Or. 554, 170 A.L.R. 1149 (1947), because a waiver cannot exist in the presence of the statute which is clear in its terms as to the effect of subsequent default. *Ratoza v. The Flame, Inc.*, 559 P.2d 1283, 277 Or. 185 (1977).

The cases cited by defendant in its trial brief for the proposition that failure to insist upon prompt payment of prior rental payments constitutes a waiver of prompt payment of rental payments are distin-

guishable from the case at bar. *Teresi v. Gina Belmonte Corp.*, 572 P.2d 647, 31 Or. App. 1231, (1977), cited by defendant, involved a default based on failure of timely payment of real property taxes as provided for in the lease. The lease provision (no statutory basis) for timely payment of the real property taxes (not rent) had not been enforced for over three years. The instant case involved rental payments, not taxes. The other case cited by defendants in support of a waiver, *Western Rebuilders and Tractor Parts, Inc. v. Felmley*, 386 P.2d 813, 391 P.2d 383, 237 Or. 191 (1964), is also distinguishable. *Western Rebuilders* involved an action for unlawful eviction by a tenant against the landlord. The lease required a monthly rental plus a percentage of the tenant's gross collections. The tenant was consistently late in paying the percentage rate but paid the fixed rental on the due date. The lease required the lessee to keep accounts of the collections to be made available for accounting by the landlord. There was no provision in the lease for a forfeiture for breach of covenant including payment of the rent. The Court held that O.R.S. 91.090 did not apply because the percentage rent for the two delinquent months had not been computed and agreed upon, and that the statute "did not apply to the unliquidated percentage rental and there was no provision in the lease for termination" and that therefore the landlord's eviction of the tenant was unlawful. In *Western Rebuilders*, the tenant had paid the fixed rental on the due date and only the percentage rental was delinquent. In the instant case the tenant is delinquent in making the fixed rental payment and the sublease did make provision for termination upon non–payment. Subsequent to *Western Rebuilders* the Court in *Ratoza*, supra, held O.R.S. 91.090 applicable to percentage of gross sales rental payments as well as fixed rental payments.

■ Upon determination that the lease was effectively terminated by the plaintiffs, the question remains whether, under the circumstances of the case, the defendant could obtain equitable relief from the forfeiture in Oregon. The present action is an F.E.D. action (ORS 105.105 through 105.-155) in which the plaintiff is the lessor and the defendant the lessee–debtor. Equitable defenses may be pleaded in such proceedings and equitable relief granted if proved. *Russell v. Sealed Power Corp.*, 563 P.2d 712, 714, 278 Or. 243 (1977) and citations therein; also, *Washington Square v. First Lady Beauty Salons*, 602 P.2d 1083, 43 Or.App. 269 (1979).

Relief from the forfeiture of a lease for failure of the lessees to pay an installment of rent within the time stipulated in the lease has been granted in Oregon in limited circumstances on the basis of accident or mistake in *Caine*, supra, or for excusable neglect in *Moore*, supra. Relief on the basis of the affirmative defense of estoppel was recognized in *Washington Square*, supra, and although tender of the delinquent rental payments is a necessary concomitant to obtaining relief, such tender is not a basis for equitable defense absent other equitable basis for relief such as fraud, mistake or estoppel. *Fry v. D. H. Overmyer Co., Inc.*, 525 P.2d 140, 150, 269 Or. 281, 303–4 (1974).

Having pleaded estoppel as an affirmative defense, which defendant herein has not, defendant has the burden to prove each element of that defense. *Shaw v. Northwest Truck Repair*, 541 P.2d 1277, 1279–80, 273 Or. 452, 457 (1975). The essential elements of equitable estoppel are set out in *Donahoe v. Eugene Planing Mill*, 450 P.2d 762, 763, 252 Or. 543 (1969).

■ The record in the case at bar does not support a finding of fraud, mistake or estoppel, nor was defendant's failure to pay rent due to excusable negligence or accident within the guidelines of *Caine* and *Moore*. The evidence indicates that defendant's manager Biederbeck was aware of the default and of plaintiffs' intentions to assert termination.

Defendant, in its trial brief, cites no case in which a lease, having been effectively terminated under applicable state law prior to the filing of the petition in bankruptcy, has been subject to reinstatement under the general equitable powers of the Bankruptcy

Court other than in situations involving ipso facto clauses, which are no longer valid under the Bankruptcy Reform Act, 11 U.S.C. § 363(*1*).

The case of *In re Bronx–Westchester Mack Corp.*, supra, cited by defendant involved application of estoppel doctrine to revive a distributorship agreement. There the debtor delayed filing its Chapter 11 petition on the representation that the agreement would not be terminated, thus gaining unfair advantage in the "race to the courthouse". No such compelling elements of estoppel are present in the case at bar and the issue is relief from lease forfeiture, not distributorship termination.

A case discussed at length by defendant in its trial brief is *In re Great Scott Food Market, Inc.*, 1 B.R. 223 (Bkrtcy.R.I.1979). The principles discussed in that case are applicable to situations where the debtor is in default but the lease is not yet terminated at the time of the filing of the Chapter XI petition. The broad equitable powers of the Bankruptcy Court in such situations are not available to the Court where the lease has been terminated pre–petition.

*In re Fountainbleau Hotel Corp.*, 515 F.2d 913 (5th Cir., 1975), cited by defendant's trial brief is distinguishable from the case at bar because that case involved Louisiana law which requires court action for termination of a lease. No such court action was obtained by the lessor prior to the filing of the petition and therefore not terminated under Louisiana law. The provisions of the Bankruptcy Act relating to cure of the default were thus applicable, as discussed supra. The leasehold in question in the case at bar was subject to automatic termination for non–payment of rent under Oregon law.

The cases cited by defendant involving relief from forfeiture pursuant to ipso facto clauses based on the exercise of the Bankruptcy Court's general equitable powers in arrangements and reorganizations under the Act of 1898 are not controlling here. Despite the mandate of § 70(b) of the Act that such clauses be enforceable, automatic application of such "boiler–plate" provisions were cross–purpose to policy of

reorganization, and in limited circumstances, where the enforcement would totally frustrate the arrangement, no harm whatsoever would result from relief from such forfeiture, and other elements of equitable relief were present, relief from such forfeitures was granted. Relief from contractual forfeitures to relieve injustice under ipso facto clauses does not mandate relief from statutory forfeiture for non–payment of rent which occurred at some time prior to the filing of the petition.

*Matter of Hough Manufacturing*, 1 B.R. 69 (Bkrtcy.W.D.Wisc.1979) cited by defendant in its trial brief involved an action by a lessor to terminate a lease pursuant to an ipso facto clause after the filing of the Chapter XI petition. The lease did not automatically terminate upon the filing of the petition but was subject to optional subsequent termination on the election of the lessor. Exercise of the Bankruptcy Court's general equitable powers to deny termination under the clause is contrasted with the absolute pre–petition termination of the lease in the instant case.

*Queens Boulevard Wine and Liquor Corp. v. Blum*, 503 F.2d 202 (2d Cir., 1974), cited by defendant was a case in which the Court refused to enforce an ipso facto clause against a Chapter XI debtor in the presence of compelling equities in favor of non–enforcement. The U. S. Court of Appeals for the Second Circuit in *In re D. H. Overmyer Co., Inc.*, 510 F.2d 329, 332 (2d Cir., 1975), pointed up the additional requirement that an equitable basis of relief be founded on the conduct of the parties in ipso facto termination in Chapter XI cases. No such basis exists in the case at bar.

Findings of Fact, Conclusions of Law and separate Judgment consistent with this Opinion will be entered herein.

## FINDINGS OF FACT

1. Defendants did not make timely payment of the rent reserved in the sublease (exhibit A) between the parties, which was due on July 22, 1980, within the 10 day grace period provided in the sublease.

2. Defendants' failure to pay the July 22, 1980 rent within the grace period provided constituted a default pursuant to Paragraph III of the sublease between the parties with no notice of default required.

3. Subsequent to defendants' default, plaintiffs accepted no rental payment, and did not waive any delinquency.

4. Plaintiffs, by letter dated August 14, 1980, made declaration of termination of the sublease pursuant to Paragraph VII of the sublease.

5. Defendants have not tendered all delinquent rental payments required under the sublease between the parties.

## CONCLUSIONS OF LAW

1. The sublease between plaintiffs and defendants was terminated for non–payment of rent upon expiration of the grace period with no notice of termination required.

2. Oregon Revised Statute 91.090 is applicable to termination of the tenancy between the parties.

3. Plaintiffs did not in contemplation of law waive their right to timely payment of the rent reserved in the sublease.

4. No basis for equitable relief from forfeiture of defendants' interest in the sublease exists under Oregon law.

5. The Bankruptcy Court has no general equitable power under the circumstances of this case to grant relief from forfeiture of the sublease which was effectively terminated prior to the filing of the Chapter 11 petition commencing this case.

6. Plaintiffs are entitled to possession of the premises which are the subject of the sublease between the parties and relief under the provisions of Bankruptcy Rule 770, and the defendants are wrongfully withholding possession of the premises.

7. The parties have stipulated that issues relating to attorneys' fees herein shall be continued to a future hearing to be set upon application of the parties; therefore, the Court concludes that the matter of attorneys' fees is a segregated issue not part of the Judgment to be entered herein, and the Judgment is a final Judgment on all other issues.

8. Separate Judgment for the plaintiffs will be entered consistent with the Court's Opinion, Findings of Fact and Conclusions of Law.