ANDERSON,
*Appellant,*

*v.*

GARRISON-REED ENTERPRISES, INC.,
*Respondent.*

(233449; CA A28119)

676 P2d 350

David P. Weiner, Portland, argued the cause for appellant. With him on the brief was Samuels, Samuels, Yoelin & Weiner, Portland.

Frank M. Parisi, Portland, argued the cause for respondent. With him on the brief was Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff brought this commercial FED action to recover possession of commercial property described as the Village Farm Restaurant. Plaintiff's complaint was dismissed on defendant's motion. In its subsequent order, the trial court also awarded defendant its costs, disbursements and attorney fees. Plaintiff appeals only from that part of the judgment awarding attorney fees. We affirm.

Plaintiff's complaint was based on certain alleged breaches of the parties' commercial lease agreement. Defendant interposed several affirmative defenses and prayed for dismissal or judgment in its favor. In that same pleading, defendant alleged that the lease agreement between the parties provided for recovery of attorney fees by the prevailing party and claimed an entitlement to reasonable attorney fees based on that agreement in an amount to be determined by the trial court.

The action was tried to the court. At the close of plaintiff's case, the court granted defendant's motion to dismiss, concluding, *inter alia,* that the FED was filed prematurely and that the evidence of defendant's violations of the lease agreement was insufficient to support termination of that agreement. Pursuant to ORCP 68, defendant subsequently submitted a statement of costs, disbursements and attorney fees, and plaintiff filed its objections to the statement. After a hearing on plaintiff's objections, the trial court awarded defendant its costs and disbursements in the amount of $153.50 and attorney fees in the amount of $7,304.25.[1]

Plaintiff does not challenge the dismissal of the action; her sole assignment of error is the award of attorney fees. Citing *Grove v. The Hindquarter Corporation,* 45 Or App 781, 609 P2d 840 (1980), she argues that attorney fees may not be recovered in any commerical FED action, even when the underlying lease agreement so provides. Like this case, *Grove* involved a commercial FED action in which the parties' lease contained a provision for attorney fees. In that case, we concluded that the FED statutes did not authorize attorney fees and that, because an FED action is a summary statutory

---

[1] ORS 46.060, which limits district courts' exclusive jurisdiction to civil cases in which the amount in controversy does not exceed $3,000, does not appear to extend that limitation to awards of attorney fees as costs. *See* ORS 46.060(5).

proceeding, an unliquidated claim for attorney fees based on the contractual provision could not be joined with it. Plaintiff argues that the *Grove* result should prevail today; defendant responds that the subsequent legislative enactment of ORCP 68 requires a reexamination of *Grove* and a different result. As an alternate theory, plaintiff contends that, even if ORCP 68 now permits recovery of attorney fees in a summary proceeding on the basis of a contractual provision, the lease provision here does not authorize an award of attorney fees, because that provision may apply only to actions prosecuted under the lease *per se,* not to a statutory FED action.

We first consider the impact of ORCP 68, which became effective after the *Grove* decision, on a commercial FED action.[2] ORCP 68 does not provide a substantive right to attorney fees, but "governs the pleading, proof, and award of attorney fees in all cases, regardless of the source of the right to recovery of such fees." ORCP 68C(1). As such, it has no impact on our holding in *Grove* that there is no direct authority in the FED statutes for an award of attorney fees in an FED action to recover possession of commercial property. 45 Or App at 786. It does, however, affect our conclusion that the trial court lacked authority to award attorney fees pursuant to a contractual provision in the related lease. In *Grove,* we concluded that an unliquidated claim for attorney fees based on a contract provision could not be litigated in a commercial FED action, because the statutory FED procedure is designed to determine quickly only the issue of the right to possession, and joinder of a claim for attorney fees would destroy the summary nature of the proceeding. 45 Or App at 787-88. ORCP 68, however, creates a post trial procedure for filing a statement of attorney fees, objections to the statement and a hearing on the issues raised by the statement and objections.[3]

---

[2] ORCP 68 became effective January 1, 1982. Or Laws 1981, ch 898, § 1. This court has not previously had occasion to consider its effect in a commercial FED action.

[3] ORCP 68 C provides:

"C.(3) The items of attorney fees and costs and disbursements shall be submitted in the manner provided by subsection (4) of this section, without proof being offered during trial.

"C.(4) Attorney fees and costs and disbursements shall be entered as part of the judgment as follows:

Because ORCP 68 statutorily provides for a post trial determination of attorney fees, it obviates the problem that *Grove* addressed. Although the entitlement to attorney fees must be asserted in a pleading filed by the party seeking such fees, ORCP 68 C(2), that issue is litigated only after the FED action is concluded; consequently, it will not disturb the summary nature of the proceeding.[4] We conclude that, assuming a substantive right to attorney fees, ORCP 68 creates a procedure whereby a party to an FED action for recovery of possession of commercial property may seek an award of such fees.

We turn now to plaintiff's alternate argument that the contractual provisions for attorney fees in the parties' lease agreement do not create a substantive right to attorney fees.

The lease contains two attorney fee provisions. The first states:

"C.(4)(a) Attorney fees and costs and disbursements (whether a cost or disbursement has been paid or not) shall be entered as a part of a judgment, if the party claiming them:

"C.(4)(a)(i) Serves, in accordance with Rule 9B., a verified and detailed statement of the amount of attorney fees and costs and disbursements upon all parties who are not in default for failure to appear, not later than 10 days after the entry of the judgment; and

"C.(4)(a)(ii) Files the original statement and proof of service, if any, in accordance with Rule 9C., with the court.

"* * * * *

"C.(4)(b) A party may object to the allowance of attorney fees and costs and disbursements or any part thereof as part of a judgment by filing and serving written objections to such statement, signed in accordance with Rule 17, not later than 15 days after the service of the statement of the amount of such items upon such party under paragraph (a) of this subsection. Objections shall be specific and may be founded in law or in fact and shall be deemed controverted without further pleading. Statements and objections may be amended in accordance with Rule 23.

"C.(4)(c) Upon service and filing of timely objections, the court, without a jury, shall hear and determine all issues of law or fact raised by the statement and objections. Parties shall be given a reasonable opportunity to present evidence and affidavits relevant to any factual issues.

"C.(4)(d) After the hearing the court shall make a statement of the attorney fees and costs and disbursements allowed, which shall be entered as a part of the judgment. No other findings of fact or conclusions of law shall be necessary."

[4] *Class v. Carter,* 293 Or 147, 645 P2d 536 (1982), cited by plaintiff as authority for the proposition that *Grove* remains controlling precedent today, is inapposite. *Class* does not consider the issue of attorney fees; it holds only that the summary nature of an FED procedure precludes the assertion of counterclaims not otherwise authorized by statute in commercial FED actions.

"[27] (d) In the event of termination on default, in addition to all other remedies available to the lessor under this lease and under the applicable law, the lessor shall be entitled to recover * * * the following amounts as damages:

"* * * * *

"(ii) The reasonable costs of re-entry and re-letting, including, without limitation, the cost of any cleanup, refurbishing, removal of the lessee's property and fixtures, or any other expense occasioned by the lessee's failure to quit the premises upon termination and to leave them in the required condition, *attorney fees,* court costs, broker's commissions and advertising costs."[5] (Emphasis supplied.)

The second states:

"In case suit or action is instituted to enforce compliance with any of the terms, covenants or conditions of this lease, or to collect the rental which may become due hereunder, or any portion thereof, the losing party agrees to pay such sum as the trial court may adjudge reasonable as attorney's fees to be allowed the prevailing party in such suit or action and in the event any appeal is taken from any judgment or decree in such suit or action, the losing party agrees to pay such further sum as the appellate court shall adjudge reasonable as prevailing party's attorney's fees that shall arise from enforcing any provision or covenants of this lease even though no suit or action is instituted."

Plaintiff argues that, because an FED is strictly a statutory action, and not an action under the lease, the contractual provisions are inapplicable here. We disagree. An FED action is an action to determine the right to possession, and the right to possession of the commercial property at issue was created by the lease. Moreover, the lease was the basis for the FED proceeding, *i.e.,* plaintiff's right to possession was premised on a violation of the terms of the lease, and the trial court was required to determine whether defendant's alleged violation of certain provisions of the lease justified its termination. We conclude that the provisions for attorney fees in the lease agreement authorized the award of attorney fees in this action.

Affirmed.

---

[5] Under ORS 20.096, when a contract provides that attorney fees incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, is entitled to reasonable attorney fees.