Argued and submitted May 20, reversed and remanded July 3, 2002

## Kandace A. DESMARAIS
### and Danielle J. Desmarais,
*Respondents,*

*v.*

## THE STAYERS, INC.,
### an Oregon corporation,
*Appellant.*

### 00F 019232; A113710

51 P3d 1

Steven M. Rose argued the cause for appellant. With him on the brief was Rose, Senders and Bovarnick, LLP.

Paul C. Galm argued the cause and filed the brief for respondents. With him on the brief were James H. Gidley and Perkins Coie LLP and John Bassett.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

BREWER, J.

## BREWER, J.

Defendant appeals from a supplemental judgment denying its request for attorney fees following its successful defense of a commercial forcible entry and detainer (FED) action brought by plaintiffs. We reverse and remand for entry of an award of attorney fees to defendant.

Plaintiffs as lessors and defendant as lessee are parties to a lease dated December 1, 1994. The lease had an expiration date of August 31, 2000; however, it also afforded defendant an option to renew for an additional five-year period, provided that defendant gave plaintiffs notice of its intent to renew not less than 180 days before the scheduled expiration date. On January 24, 2000, plaintiffs notified defendant that it was in default under the lease for failure to maintain prescribed insurance coverage and gave defendant 10 days to remedy the alleged default. On January 27, defendant gave plaintiffs notice of its intent to renew the lease. On February 22, plaintiffs' attorney notified defendant that it was in breach of the lease with respect to its obligation to insure the property and, therefore, was not entitled to exercise the renewal option.

On April 6, 2000, plaintiffs filed an FED action, alleging that defendant was wrongfully withholding possession of the property. That action was dismissed for reasons not relevant here. In August, plaintiffs filed an action seeking a declaratory judgment that defendant was not entitled to exercise its renewal option. After the declaratory judgment action was commenced, the parties' attorneys negotiated regarding defendant's right to occupy the property and other details of the parties' relationship during the pendency of that action. The parties ultimately agreed to an arrangement memorialized in two letters from plaintiffs' attorney to defendant's attorney. The first, dated August 29, 2000, stated:

> "This will confirm our recent conversation at which time I advised you that the plaintiffs would not file an FED action after August 31 asserting as a sole ground that August 31 had passed and that, absent renewal, there was no lease."

A second letter, dated September 7, documented the parties' further agreement that defendant's payment of and plaintiffs' negotiation of rent checks would not constitute a waiver of their respective rights in the declaratory judgment action:

> "This will confirm our telephone conversation of September 6 to the effect that my clients can cash the rent checks which are being paid by your client. The acceptance of these checks is without waiver by either party of rights asserted in the pending lawsuit. We agree that this additional stipulation should be read with and considered an addition to the terms of my letter of August 29, 2000."

Notwithstanding the letter agreements, in December 2000—while the declaratory judgment action was pending—plaintiffs filed the present FED action. Plaintiffs' complaint was prepared on a court-provided form that alleged that "defendant [is] in possession" of the described premises and that "plaintiff[s are] entitled to possession." Plaintiffs also alleged a right to recover attorney fees in the action.[1] The complaint form provided no further information about the legal basis for plaintiffs' claim. In its answer to the complaint, defendant alleged several affirmative defenses, including the defense that plaintiffs had breached the letter agreements by filing the FED on the "sole ground" that the lease "ha[d] not been renewed by August 31, 2000." In its answer, defendant alleged a right to recover attorney fees from plaintiffs under the lease. Defendant filed a motion to dismiss plaintiffs' complaint, asserting, among other grounds, that the action was "barred by an agreement of the parties." In their response to the motion, plaintiffs contended that the sole purpose of the attorney's letters was to document the parties' arrangement concerning their rights during the pendency of the declaratory judgment action and that the letters did not bar the FED action. The trial court heard the motion to dismiss immediately before trial and granted it "on the ground that this action is barred because of the agreement of the parties * * *."

---

[1] The attorney fee allegation in the complaint form relies on ORS 90.255, a provision of the Oregon Residential Landlord-Tenant Act that is not applicable in this case, thus suggesting that plaintiffs may have used a form that was not specifically tailored for a commercial FED action.

Defendant then filed a request for attorney fees based on a provision of the lease that states:

"If either party institutes any suit or action to collect the amounts due hereunder or to enforce any covenant or agreement hereof, or to obtain any of the remedies herein provided, the prevailing party shall be entitled to recover such sums of money as the court may adjudge reasonable as attorneys' fees in such suit or action, including any appeals taken by either party in such suit or action."

The trial court denied defendant's request for attorney fees. The court explained:

"[D]efendant prevailed in persuading this Court that the plaintiffs had no right to bring an action seeking possession of the premises on the grounds that the lease had expired, and the grounds that the lease had expired can't have any-thing to do with enforcing the lease. It's saying there isn't a lease, and I think I—it's not crystal clear. I think it is in somewhat a gray area here, but I think if defendant had been successful in defending on their defense—if we had gotten to the merits of defending under the lease, they would have a right to attorneys' fees, but plaintiffs didn't bring this action to enforce the lease or remedies under the lease. They brought it to enforce their statutory rights—under statutory proceeding for their common-law right to possession, and they lost, but not on grounds having to do with anything with the lease either."

Defendant appeals from the ensuing supplemental judgment denying attorney fees. Defendant asserts that, con-trary to the trial court's reasoning, plaintiffs' claim was based on the lease. According to defendant, plaintiffs' entitlement to possession depended on a determination that defendant had breached its obligation to maintain insurance coverage required by the lease and, thus, had lost its right to renew. Defendant argues that, because it prevailed in an action to enforce the lease, it was entitled to an award of attorney fees under the applicable lease provision. Further, defendant sub-mits that the letter agreements were not independent from the lease but, rather, were inherently tied to the parties' rights and obligations under the lease. Therefore, defendant contends, it also was entitled to attorney fees because it enforced the lease by prevailing on its affirmative defense.

Plaintiffs' response is threefold. First, plaintiffs argue that an FED action is strictly a statutory proceeding for possession of real property and is not dependent on contractual rights, including lease provisions relating to the recovery of attorney fees. Second, plaintiffs contend that—irrespective of the merits of their first argument—the lease expired because defendant failed effectively to renew it and, thus, plaintiffs' right to possess the property was absolute and not dependent on the terms of the lease. Third, plaintiffs assert that, in any event, the letter agreements on which defendant prevailed were independent of the lease and merely defined the parties' legal relationship during the pendency of the declaratory judgment action. Because defendant's successful defense was not grounded in the lease, plaintiffs urge that the attorney fee provision is not implicated.

In support of their first argument, plaintiffs rely on *Class v. Carter*, 293 Or 147, 151, 645 P2d 536 (1982). In *Class*, the court held that, in an FED action, the defendant cannot assert a counterclaim against the plaintiff unless the counterclaim is authorized by statute. The court described the FED remedy as "designed to be quick and summary, to obtain peaceful resolutions of possessory disputes." *Id.* at 150. However, the court did not address the issue of whether an FED can serve as a vehicle to enforce the provisions of a lease. Thus, *Class* does not support plaintiffs' argument that an FED action inherently is not an action to enforce an underlying lease between the parties.

*Anderson v. Garrison-Reed Enterprises*, 66 Or App 872, 676 P2d 350, *rev den* 296 Or 829 (1984), disposes of plaintiffs' first and second arguments. In *Anderson*, this court considered a landlord's objection to an award of attorney fees to the tenant made after the latter's successful defense of a commercial FED action. At trial, the landlord had asserted that the tenant breached the lease in several respects. In response to the tenant's post-trial request for attorney fees, the landlord argued that an FED action is strictly statutory in nature and, therefore, its claim for possession was not based on the parties' lease. As a consequence, the landlord contended, the attorney fee provision contained in the lease also was not applicable. We disagreed:

"An FED action is an action to determine the right to possession, and the right to possession of the commercial property at issue was created by the lease. Moreover, the lease was the basis for the FED proceeding, *i.e.*, plaintiff's right to possession was premised on a violation of the terms of the lease, and the trial court was required to determine whether defendant's alleged violation of certain provisions of the lease justified its termination. We conclude that the provisions for attorney fees in the lease agreement authorized the award of attorney fees in this action." *Id.* at 877.

Plaintiffs attempt to distinguish *Anderson.* They note that there the tenant's breaches allegedly were committed during the lease term whereas, here, they assert, the "lease has expired and no longer defines the parties' relationship." That argument draws too fine a line. In this case, plaintiffs' right to possession could not be determined in a legal vacuum that ignored the parties' rights and obligations under the lease. Because the FED complaint was based on a minimally informative form, it did not disclose plaintiffs' theory of entitlement to possession of the property. That theory, however, was revealed in the introduction to plaintiffs' trial memorandum:

"The 'Lease' between [plaintiffs] and defendant contains an option to renew for a five-year period, commencing September 1, 2000. However, the renewal option is conditioned on the requirement that notice be given to lessors more than 180 days (March 3, 2000) before the expiration of the original lease term, and that at the time of notification, defendant be in full compliance with the lease.

"Defendant failed to meet these conditions. [Defendant] notified plaintiffs of its intent to renew [the] lease, but by March 3, 2000, 180 days before the termination of the original lease term, defendant was still in default of the lease. Specifically, defendant had failed to obtain insurance that met the terms of the lease. *Accordingly, since defendant was in breach of the lease, it was not in a position to renew, and therefore, is in unlawful possession of [plaintiffs'] property.*" (Emphasis added.)

Plaintiffs' theory of recovery thus depended on a determination that the lease expired as originally scheduled, a premise that hinged, in turn, on the merit of plaintiffs' assertion that defendant could not renew the lease because it

had failed to maintain required insurance coverage. That theory would require the trial court—after having determined that defendant breached the lease—to "enforce" the lease provision providing for the originally scheduled expiration date of its term. Moreover, if the lease term had expired, defendant was obligated under paragraph 15 of the lease to "quit and deliver up" the premises. Accordingly, the claim for possession also constituted an action to enforce that obligation. In sum, plaintiffs' claim for possession—although based on the alleged expiration of the lease term—nonetheless was an action to "enforce" the lease. Thus, plaintiffs' first and second arguments fail.

The trial court also agreed with plaintiffs' third argument. The court denied defendant's request for attorney fees on the ground that the defense on which defendant prevailed was not based on the lease. In reaching that conclusion, the court treated the letter agreements as a separate contract between the parties. The parties disagree as to whether the trial court correctly determined that the defense was not based on the lease. However, that issue is not dispositive. Having prevailed in an action to enforce the lease, defendant was entitled to recover attorney fees under the governing lease provision. *See Mitchell v. Pacific First Bank*, 130 Or App 65, 76, 880 P2d 490 (1994) ("[I]f a contract provides that the prevailing party is entitled to reasonable attorney fees, and if there is a prevailing party, the court *must* award that party reasonable attorney fees.") (emphasis in original).

That defendant defeated plaintiffs' claim based on what may have been a "non-lease" defense is beside the point. Where the plaintiff—if successful—would have been entitled to recover attorney fees based on a contractual right, a successful defendant is entitled to attorney fees, unless the judgment rescinded or otherwise nullified the contract. *See Bennett v. Baugh*, 329 Or 282, 285-86, 985 P2d 1282 (1999) (explaining rule and holding that, because the trial court did not rescind the parties' contract, the defendant was entitled—despite having asserted a counterclaim for rescission—to recover attorney fees in successfully defending an action to enforce the contract). In this case, defendant prevailed on a defense that was, at most, independent of the lease. Having

successfully defended an action to enforce the lease, defendant is entitled to an award of attorney fees.

Reversed and remanded for award of attorney fees to defendant.