# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43167-0-II |
| Respondent, | |
| v. | |
| CHARLES V. FARNSWORTH, JR., | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — The Washington Supreme Court affirmed Charles Farnsworth's conviction for robbery in the first degree and remanded the case to us to resolve "the issues of the comparability of Farnsworth's earlier out-of-state conviction."[1]  *State v. Farnsworth*, 185 Wn.2d 768, 789, 374 P.3d 1152 (2016).  The trial court sentenced Farnsworth as a persistent offender to a term of total confinement for life without the possibility of release.[2]

Farnsworth argues his prior conviction in California for vehicular manslaughter was not comparable to a most serious offense in Washington, the trial court violated his rights to a trial by jury and due process by sentencing him on the basis of facts it found established by the preponderance of the evidence, and his persistent offender sentence violated equal protection.  In a statement of additional grounds (SAG), Farnsworth further asserts that the trial court erroneously imposed legal financial obligations (LFOs).  We disagree with Farnsworth's arguments and affirm.

---

[1] We also address the legal financial obligation issue Farnsworth raised in his statement of additional grounds (SAG) since we did not decide it previously.

[2] RCW 9.94A.570.

FACTS[3]

A jury found Farnsworth guilty of robbery in the first degree. The sentencing court entered findings of fact and conclusions of law determining that Farnsworth was a persistent offender because he had previously committed two most serious offenses. Specifically, Farnsworth had been convicted of vehicular manslaughter in California and robbery in the first degree in Washington. At sentencing, the State presented the court with copies of the abstract of judgment and charging document showing Farnsworth had been convicted of vehicular manslaughter. Accordingly, the court sentenced Farnsworth to a term of total confinement for life without the possibility of release. The sentencing court also imposed LFOs; however, it imposed only mandatory legal financial obligations, including the $500 crime victim assessment, the $100 DNA (deoxyribonucleic acid) fee, and the $200 filing fee.

Upon remand, we analyze Farnsworth's appeal of his sentence.

ANALYSIS

I.     COMPARABILITY OF FOREIGN CONVICTION TO A MOST SERIOUS OFFENSE

Farnsworth argues that the State failed to establish that his prior conviction in California was comparable to a most serious offense under Washington law.[4] We disagree.

In Washington, a defendant found to be a "persistent offender" is sentenced to life in prison without the possibility of release. RCW 9.94A.570. A "persistent offender" is one who has been convicted in this state of any felony considered a "most serious offense" (or "strike offense") and,

---

[3] More detailed facts of this case can be found in *State v. Farnsworth*, 184 Wn. App. 305, 307-09, 348 P.3d 759 (2014), and *Farnsworth*, 185 Wn.2d at 772-74.

[4] Farnsworth makes the same argument in his SAG.

prior to the commission of such offense, has been convicted of a "most serious offense" on at least two separate occasions. RCW 9.94A.030(38)(a).

An out-of-state conviction may count as a strike if it is comparable to a most serious offense in Washington. RCW 9.94A.030(38)(a)(ii); RCW 9.94A.030(33)(u). Whether an out-of-state offense is considered in a defendant's offender score or as a most serious offense is controlled by RCW 9.94A.525(3), which states that "[o]ut-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law."

Washington courts utilize a two-part test to determine the comparability of an out-of-state offense. *State v. Thiefault*, 160 Wn.2d 409, 415, 158 P.3d 580 (2007). First, the sentencing court determines whether the out-of-state offense is legally comparable—"that is, whether the elements of the [out-of-state] offense are substantially similar to the elements of the Washington offense." *Thiefault*, 160 Wn.2d at 415. If the elements of the out-of-state offense are broader than its Washington counterpart, the sentencing court then determines "whether the offense is *factually* comparable—that is, whether the conduct underlying the [out-of-state] offense would have violated the comparable Washington statute." *Thiefault*, 160 Wn.2d at 415 (emphasis added).[5] The standard of proof for finding comparability is preponderance of the evidence. *State v. McKague*, 159 Wn. App. 489, 518, 246 P.3d 558 (2011). "A court's determination of whether an out-of-state conviction is legally comparable to a most serious offense in Washington is reviewed de novo." *State v. Bluford*, No. 93668-4, slip op. at ___ (Wash. May 4, 2017), http://www.courts.wa.gov/opinions/pdf/936684.pdf.

---

[5] "In making the factual comparison, the sentencing court may rely on facts in the out-of-state record that are admitted, stipulated to, or proved beyond a reasonable doubt." *Thiefault*, 160 Wn.2d at 415.

3

Statutory interpretation is a question of law that we review de novo. *State v. Watson*, 146 Wn.2d 947, 954, 51 P.3d 1 (2002). An unambiguous statute is not subject to judicial construction where the language, taken as a whole, is clear and unambiguous. *Watson*, 146 Wn.2d at 955. In interpreting statutory provisions, our primary objective is to ascertain and give effect to the intent and purpose of the legislature in creating the statute. *Watson*, 146 Wn.2d at 954. We discern "legislative intent from the plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole." *Fast v. Kennewick Pub. Hosp. Dist.*, 187 Wn.2d 27, 33, 384 P.3d 232 (2016). We initially look to the language of the statute; if a statute is clear on its face, its meaning is to be derived from the plain language of the statute alone. *Watson*, 146 Wn.2d at 954. A statute is unclear if it can be reasonably interpreted in more than one way, but "it is not ambiguous simply because different interpretations are conceivable." *Watson*, 146 Wn.2d at 955.

A.    AMBIGUITY

We first address and reject Farnsworth's arguments that the identity of the California offense for which he was convicted is "ambiguous." Supp. Br. of Appellant at 33-35. We note that in *State v. Farnsworth*, 133 Wn. App. 1, 22, 130 P.3d 389 (2006) (convictions for two counts of robbery in the first degree affirmed), "Farnsworth admitted that he has a prior California conviction for vehicular manslaughter" in 1984. This admission is supported by the record.

Farnsworth asserts that he was convicted not of a Penal Code offense but of a vehicle code offense; however, the abstract of judgment states that Farnsworth was convicted of a "PC [i.e., Penal Code]" offense. Clerk's Papers (CP) at 756. Farnsworth's first assertion fails.

Contrary to his previous argument, Farnsworth next points out that the charging document contained two counts, a Penal Code offense in count 1 and a Vehicle Code offense in count 2. He then notes that although he was convicted of a Penal Code offense, the abstract of judgment refers to count "2." CP at 756. Thus, Farnsworth seeks to rely on the record of the California case hoping to undermine the abstract of judgment. But sentencing courts are forbidden from "go[ing] behind the verdict and sentence and judgment" entered in a prior case when determining whether to sentence the defendant as a persistent offender. *State v. Ammons*, 105 Wn.2d 175, 189, 713 P.2d 719, 718 P.2d 796 (1986). Therefore, we reject this argument.

Farnsworth next argues that an ambiguity exists because the abstract of judgment refers to § "192(3)(c)" and not § 192(c)(3), the correct provision. Supp. Br. of Appellant at 35. We disagree. It is clear that this error is a typographical error because the parties agree that the California Penal Code has never contained a section numbered 192(3)(c). In addition, the abstract of judgment abbreviates the name of the offense committed as "vehic mansl." CP at 756. Based on the foregoing, the identity of the California offense for which Farnsworth was convicted is not ambiguous.

B.      Legal Comparability

Farnsworth argues that the legal elements of California's vehicular manslaughter offense are not comparable to those of Washington's vehicular homicide offense. We disagree.[6]

Farnsworth was convicted of vehicular manslaughter under the former California Penal Code. The elements are: "the unlawful killing of a human being without malice" by "[d]riving a vehicle in violation of Section 23152 or 23153 of the Vehicle Code and in the commission of an

---

[6] We note that this argument contradicts Farnsworth's concession in his previous case where he stated that "his California conviction was based on a statute identical to an equivalent Washington criminal statute." *Farnsworth*, 133 Wn. App. at 10.

unlawful act, not amounting to a felony, and with gross negligence." Former Cal. Penal Code § 192(c)(3). In turn, former California Vehicle Code 23153(a) (1984) made it

> unlawful for any person, while under the influence of an alcoholic beverage or any drug . . . to drive a vehicle and, when so driving, do any act forbidden by law or neglect any duty imposed by law in the driving of the vehicle, which act or neglect proximately causes death or bodily injury to any person other than the driver.

Under this California statutory scheme, a driver committed vehicular manslaughter when he or she killed another person by driving under the influence, the killing occurred while the driver committed an unlawful act not amounting to a felony, the unlawful act proximately caused the death, and the driver was grossly negligent.

Under Washington law, vehicular homicide by a person under the influence of alcohol or drugs is a most serious offense. RCW 9.94A.030(32)(r). The former vehicular homicide statute provided in relevant part:

> When the death of any person ensues within three years as a proximate result of injury proximately caused by the driving of any vehicle by any person while under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502, . . . the person so operating such vehicle is guilty of vehicular homicide.

Former RCW 46.61.520(1) (1983).[7] Under this Washington statutory scheme, a driver committed vehicular homicide when he or she caused injuries resulting in the death of another person within three years and the injuries were proximately caused by the driver's driving under the influence.

Farnsworth argues that the statutes are not legally comparable because the causation elements differ.[8] He argues that the California statute requires that the death be caused by an act

---

[7] LAWS OF 1983, ch. 164, § 1.

[8] Farnsworth does not argue that Washington's three-year time limit bears on this analysis.

forbidden by law or neglect of a legal duty, while in contrast the Washington statute requires that the drunk driving itself caused the death. We disagree.

Although the California statute contains additional elements, conduct amounting to vehicular manslaughter in California will also amount to vehicular homicide in Washington. The additional elements demonstrate that the California statute is narrower than the comparable Washington statute. The proof of the additional elements is necessary to show a violation of the law in California, but not in Washington. Any breach of the California statute would, therefore, necessarily involve a breach of Washington's statute. Therefore, the elements of the California statute are not broader than those of the Washington statute and the offenses are legally comparable.

Because Farnsworth's California conviction is legally comparable to a most serious offense in Washington, we need not analyze factual comparability. Farnsworth's argument fails.

II.    PROOF OF SENTENCING FACTORS

Farnsworth further argues that the sentencing court violated his right to trial by jury and his right to due process of law because it sentenced him as a persistent offender based on the sentencing court's findings of prior convictions by a preponderance of the evidence, and not on the basis of a jury's finding of proof beyond a reasonable doubt. We disagree.

In making this argument, Farnsworth relies on *Blakely v. Washington*, 542 U.S. 296, 300-01, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 476-77, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). But Farnsworth misapprehends the rule of these cases. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Even after *Blakely*, "judges can still find the

existence of prior convictions" to establish sentencing factors. *State v. Hughes*, 154 Wn.2d 118, 137, 110 P.3d 192 (2005), *abrogated on other grounds by Washington v. Recuenco*, 548 U.S. 212, 216, 222, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006). Because Farnsworth's persistent offender sentence rests on the fact of his prior convictions, this argument fails.

III.     EQUAL PROTECTION

Farnsworth argues that his persistent offender sentence violated the Equal Protection Clause because Washington law arbitrarily discriminates between persistent offenders and other recidivists by treating "elements" and "sentencing factors" differently. Supp. Br. of Appellant at 47. When the defendant's prior conviction is an element of an offense, the prior conviction must be established beyond a reasonable doubt. *State v. Roswell*, 165 Wn.2d 186, 192, 196 P.3d 705 (2008) (gross misdemeanor raised to felony when defendant has prior sex offense conviction). But when the defendant's prior convictions are sentencing factors that bear on his status as a persistent offender, the prior convictions must be established by a mere preponderance of the evidence. RCW 9.94A.500(1), RCW 9.94A.570; *State v. Wheeler*, 145 Wn.2d 116, 121, 34 P.3d 799 (2001).

We have consistently rejected this exact argument and we do so again. *State v. Reyes-Brooks*, 165 Wn. App. 193, 207, 267 P.3d 465 (2011); *State v. Williams*, 156 Wn. App. 482, 496-98, 234 P.3d 1174, *review denied*, 170 Wn.2d 1011 (2010).

IV.     LEGAL FINANCIAL OBLIGATIONS

In his SAG, Farnsworth argues the record fails to support the trial court's boilerplate finding of his ability to pay his LFOs. Generally, we may decline to review issues raised for the first time on appeal. RAP 2.5(a). However, we exercise our discretion here and reach the issue. *State v. Blazina*, 182 Wn.2d 827, 834-35, 344 P.3d 680 (2015).

The trial court did not impose any discretionary LFOs. It imposed only mandatory fees. For that reason, Farnsworth argument fails. *State v. Mathers*, 193 Wn. App. 913, 918-19, 376 P.3d 1163, *review denied*, 186 Wn.2d 1015 (2016).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, P.J.

Johanson, J.